IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SCOTT D. PLUTA** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 1:06CV01806 (RWR)** |
| | ) | |
| **CITIMORTGAGE, INC.,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## DEFENDANT CITIMORTGAGE'S MOTION TO DISMISS PLAINTIFF SCOTT D. PLUTA'S COMPLAINT

Defendant CitiMortgage, Inc. ("CitiMortgage"), by its undersigned counsel, hereby moves to dismiss the Complaint filed by Plaintiff Scott D. Pluta ("Pluta") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. The grounds for this motion, as set forth more fully in Defendants' accompanying memorandum of points and authorities in support, are:

1.  Plaintiff's fraud claim (Count I) fails because Plaintiff does not plead fraud with particularity, actionable misrepresentations or reasonable reliance on such representations.

2.  Plaintiff's negligent misrepresentation claim (Count II) fails because Plaintiff does not plead negligent misrepresentation with sufficient particularity and state an actionable claim, Defendant does not owe a legally cognizable duty of care in tort to Plaintiff, and Plaintiff cannot show reasonable reliance on alleged misstatements.

3.  Plaintiff's negligent infliction of emotional distress claim (Count III) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff and Plaintiff does not allege physical injury.

4.  Plaintiff's negligent hiring, training, supervision and retention claim (Count IV) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff and Plaintiff does not allege that Defendant was on notice of the alleged violations.

5.  Plaintiff's professional malpractice claim (Count V) fails because Plaintiff fails to plead the requisite elements of the claim.

6.  Plaintiff's negligence claim (Count VI) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff.

7.  Plaintiff's conversion claim (Count VII) fails because CitiMortgage's control over Plaintiff's money is not unlawful.

8.  Plaintiff's District of Columbia Consumer Protection Act claims (Count VIII) fail because Plaintiff's allegations do not state a claim under the Consumer Protection Act provisions.

9.  Plaintiff's unconscionability claim (Count XI) fails because D.C. Code § 28:2-302 does not apply to mortgages.

For all of the foregoing reasons, set forth more fully in the accompanying Memorandum of Points and Authorities, Defendant CitiMortgage's Motion to Dismiss should be granted and Counts I–VIII and XI should be dismissed.

Respectfully submitted,

_____

Alec W. Farr (D.C. Bar No. 440046)
Kristin A. Hird (D.C. Bar No. 497800)
BRYAN CAVE LLP
700 Thirteenth Street, NW, Suite 700
Washington, DC 20005
Tel:  (202) 508-6000
Fax:  (202) 508-6200

Dated:  January 9, 2007

*Counsel for Defendant CitiMortgage, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SCOTT D. PLUTA** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 1:06CV01806 (RWR)** |
| | ) | |
| **CITIMORTGAGE, INC.,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## CERTIFICATE UNDER LCvR 7.1

I, the undersigned, counsel of record for <u>CitiMortgage, Inc.,</u> certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of <u>CitiMortgage, Inc.,</u> which have any outstanding securities in the hands of the public.

CitiMortgage is affiliated with Citigroup, Inc., a publicly held company.  In addition, CitiMortgage shows the Court the following as its parent and subsidiary corporations:

Citigroup, Inc.

Citigroup Holdings Company

Citicorp

Citicorp Banking Corporation ("CBC")

Citibank (West) Bancorp Inc.

Citibank (West) Holdings, Inc.

Citibank (West), FSB

CitiMortgage, Inc.

Master Mortgage Company

Citicorp Mortgage Securities, Inc.

Verdugo Trustee Service Corporation

Five Star Service Corporation

First Collateral Services, Inc.

Associates Home Equity Service Real Estate Investment Trust

Principal Residential Mortgage Servicing, LLC

SOMSC Services, Inc.

Principal Residential Mortgage Capital Resources, LLC

These representations are made in order that judges of this court may determine the need

for recusal.

Attorney of Record

_____

Alec. W. Farr  (D.C. Bar No. 440046)
BRYAN CAVE LLP
700 Thirteenth Street, N.W.
Washington, D.C.  20005
Tel:  (202) 508-6000
Fax:  (202) 508-6200

Dated: January 9, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SCOTT D. PLUTA**        ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| vs.       ) | **Case No. 1:06CV01806 (RWR)** |
| ) | |
| **CITIMORTGAGE, INC.,** *et al.,*     ) | |
| ) | |
| Defendants.      ) | |
| ) | |
| ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT CITIMORTGAGE'S  MOTION TO DISMISS**

Alec W. Farr (D.C. Bar No. 440046)
Kristin A. Hird (D.C. Bar No. 497800)
BRYAN CAVE LLP
700 Thirteenth Street, N.W.
Washington, D.C.  20005
Tel:  (202) 508-6000
Fax:  (202) 508-6200

Counsel for Defendant CitiMortgage, Inc.

Dated:  January 9, 2007

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................1

STANDARD OF REVIEW ..........................................................................................2

ARGUMENT ...............................................................................................................4

I.   PLAINTIFF'S FRAUD CLAIM (COUNT I) MUST BE DISMISSED UNDER
     FRCP 9(B) AND 12(B)(6) FOR FAILURE TO PLEAD FRAUD WITH
     PARTICULARITY AND FAILURE TO STATE A CLAIM.............................4

     A.   Plaintiff Fails to Plead His Fraud Claim With Sufficient Particularity. .................5

     B.   Plaintiff's Fraud Claim Relies Upon Non-Actionable Statements of Future
          Events.......................................................................................................5

     C.   Plaintiff's Alleged Fraudulent Statements Did Not Cause Reasonable
          Reliance....................................................................................................7

     D.   Plaintiff's Alleged Fraudulent Statements Were True on the Face of the
          Complaint..................................................................................................8

II.  PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM (COUNT II)
     MUST BE DISMISSED FOR FAILURE TO PLEAD WITH SUFFICIENT
     PARTICULARITY AND FAILURE TO STATE A CLAIM.............................9

     A.   Plaintiff Does Not Plead Facts With Sufficient Particularity and Fails to
          State an Actionable Claim. .......................................................................9

     B.   Plaintiff Does Not Allege an Independent Duty of Care and a Contractual
          Obligation Does Not Give Rise to a Duty of Care in Tort.....................10

     C.   Plaintiff Cannot Show Reasonable Reliance on the Alleged
          Misrepresentations. ................................................................................11

III. PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
     CLAIM (COUNT III) MUST BE DISMISSED BECAUSE DEFENDANT DID
     NOT OWE A DUTY TO PLAINTIFF AND PLAINTIFF FAILS TO ALLEGE
     PHYSICAL INJURY..................................................................................12

IV.  PLAINTIFF'S NEGLIGENT HIRING, TRAINING, SUPERVISION AND
     RETENTION CLAIM (COUNT IV) ALSO FAILS BECAUSE DEFENDANT
     DID NOT OWE A DUTY TO PLAINTIFF AND WAS NOT ON NOTICE OF
     THE ALLEGED VIOLATIONS. .................................................................14

V.   PLAINTIFF'S PROFESSIONAL MALPRACTICE CLAIM (COUNT V) MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD THE REQUISITE ELEMENTS..................................................................................................15

VI.   PLAINTIFF'S NEGLIGENCE CLAIM (COUNT VI) FAILS AS A MATTER OF LAW BECAUSE DEFENDANT DOES NOT OWE PLAINTIFF A DUTY OF CARE..................................................................................................16

VII.   PLAINTIFF'S CONVERSION CLAIM (COUNT VII) MUST BE DISMISSED BECAUSE CITIMORTGAGE'S CONTROL OVER PLAINTIFF'S MONEY IS NOT UNLAWFUL AS A MATTER OF LAW. ...............................................16

VIII.   PLAINTIFF'S CLAIMS UNDER THE DISTRICT OF COLUMBIA CONSUMER PROTECTION ACT ("CPPA") (COUNT VIII) MUST BE DISMISSED. ............................................................................................17

   A.   Plaintiff Fails to State a Claim Under § 28-3904(a) and (b)....................................17

   B.   Plaintiff Fails to State a Claim Under § 28-3904(d) Because he Received the Standard, Grade, Style or Model of Product Represented. ...............................18

   C.   Plaintiff Fails to State a Claim Under § 28-3904 (e) and (f) Because the Alleged Misrepresentations do Not Have a Tendency to Mislead. ......................19

   D.   Plaintiff Fails to State a Claim Under § 28-3904(k) Because No Misrepresentation of Items Needed Existed. ........................................................21

   E.   Plaintiff Fails to State a Claim Under § 28-3904(r) Because There Is No Allegation that the Loan Terms are Unconscionable.............................................21

   F.   Plaintiff Fails to State a Claim Under § 28-3904(u) Because There Was No Subsequent Misrepresentation. .......................................................................23

   G.   Plaintiff Fails to State a Claim Under § 28-3904(v) Because Osborne Did Not Misrepresent His Authority................................................................................24

   H.   Plaintiff Fails to State a Claim Under § 28-3904(x) Because This Section Does Not Apply to Mortgages. ...............................................................................24

IX.   PLAINTIFF'S UNCONSCIONABILITY CLAIM (COUNT XI) MUST BE DISMISSED BECAUSE D.C. CODE § 28:2-302 DOES NOT APPLY TO MORTGAGES...........................................................................................25

CONCLUSION.............................................................................................................25

## TABLE OF AUTHORITIES

## CASES

*Abigail Alliance for Better Access to Developmental Drugs v. McClellan,*
  No. 03-1601 (RMU), 2004 WL 3777340 (D.D.C. Aug. 30, 2004) ...............................3

*Alexis v. District of Columbia,*
  44 F. Supp. 2d 331 (D.D.C. 1999) ..........................................................................3, 8

*\*Alicke v. MCI Communications Corp.,*
  111 F.3d 909 (D.C. Cir. 1997) ............................................................................12, 19

*Anderson v. USAA Casualty Insurance Co.,*
  221 F.R.D. 250 (D.D.C. 2004) ...................................................................................9

*Armstrong v. Accrediting Council for Continuing Education & Training, Inc.,*
  832 F. Supp. 419 (D.D.C. 1993) *vacated on other grounds,* 84 F.3d 1452
  (D.C. Cir. 1996) ........................................................................................................24

*Athridge v. Aetna Casualty & Surety Co.,*
  351 F.3d 1166 (D.C. Cir. 2003) ...............................................................................19

*Banks v. District of Columbia Department of Consumer and Regulatory Affairs,*
  634 A.2d 433 (D.C. 1993) ...................................................................................19, 23

*Barnstead Broad. Corp. v. Offshore Broadcast. Corp.,*
  886 F. Supp. 874 (D.D.C. 1995) .................................................................................4

*Bennett v. Kiggins,*
  377 A.2d 57 (D.C. Cir. 1977) .....................................................................................4

*Blake Construction Co. v. C.J. Coakley Co.,*
  431 A.2d 569 (D.C. 1981) ................................................................................... 10-11

*College Sports Council v. Government Accountability Office,*
  421 F. Supp. 2d 59 (D.D.C. 2006) ..............................................................................7

*Day v. Sidley & Austin,*
  394 F. Supp. 986 (D.D.C. 1975) *aff'd,* 548 F.2d 1018 (D.C. Cir. 1976) ......................6

*\*Equity Group, Ltd. v. Painewebber Inc.,*
  839 F. Supp. 930 (D.D.C. 1993) *aff'd,* 48 F.3d 1285 (D.C. Cir. 1995) ......................16

*Fletcher v. District of Columbia,*
  No. Civ.A.01-0297(RMU), 2005 WL 670676 (D.D.C. March 22, 2005) ............. 12-13

*Furash & Co. v. McClave*,
    130 F. Supp. 2d 48 (D.D.C. 2001) ...........................................................................17

*Giles v. Shell Oil Corp.*,
    487 A.2d 610 (D.C. 1985) ......................................................................................14

*International Ore & Fertilizer Corp. v. SGS Control Serv., Inc.*,
    38 F.3d 1279 (2d Cir. 1994)...................................................................................11

*Jackson v. Culinary School of Washington*,
    811 F. Supp. 714 (D.D.C. 1993), *overruled on other grounds*, 515 U.S. 1139
    (1995)......................................................................................................................24

*Jacobsen v. Oliver*,
    201 F. Supp. 2d 93 (D.D.C. 2002) ..........................................................................3

*Jane W. v. President & Directors of Georgetown College*,
    863 A.2d 821 (D.C. 2004) ......................................................................................13

*Johnson v. Long Beach Mortgage Loan Trust 2001-4*,
    451 F. Supp. 2d 16 (D.D.C. 2006) .........................................................................25

*Kowal v. MCI Communications Corp.*,
    16 F.3d 1271 (D.C. Cir. 1994) .............................................................................3, 8

*Lund v. Watergate Investors Ltd. Partnership*,
    728 A.2d 77 (D.C. 1999) .......................................................................................22

*Maljack Productions, Inc. v. Motion Picture Ass'n of America, Inc.*,
    52 F.3d 373 (D.C. Cir. 1995).................................................................................3

*Moseley v. Second New St. Paul Baptist Church*,
    534 A.2d 346 (D.C. 1987) ......................................................................................14

*One-On-One Enterprise v. Caruso*,
    668 F. Supp. 693 (D.D.C. 1987)..........................................................................6, 7

*Orteck International Inc. v. TransPacific Tire & Wheel, Inc., 2005-2882*,
    No. CIVA DKC , 2006 WL 2572474 (D. Md. Sept. 5, 2006)...................................10

*Prouty v. National Railroad Passenger Corp.*,
    572 F. Supp. 200 (D.D.C. 1983)............................................................................10

*RLI Insurance Co. v. Pohl, Inc. of America*,
    No. CIVA04-0427(RJL), 2006 WL 1883422 (D.D.C., July 7, 2006) ........................10

*Redmond v. State Farm Insurance Co.,*
    728 A.2d 1202 (D.C. 1999) ...............................................................................12

*Sharpe v. National Football League Players Ass'n,*
    941 F. Supp. 8 (D.D.C. 1996) ...........................................................................3

*Sheridan-Wyoming Coal Co. v. Krug,*
    168 F.2d 557 (D.C. Cir. 1948) ..........................................................................3

*Sokos v. Hilton Hotels Corp.,*
    283 F. Supp. 2d 42 (D.D.C. 2003) ...................................................................14

*Toy v. District of Columbia,*
    549 A.2d 1 (D.C. 1988) ....................................................................................15

*\*In re U.S. Office Products Co. Sec. Litigation,*
    251 F. Supp. 2d 58 (D.D.C. 2003) ..............................................................10, 11

*In re U.S. Office Products Co. Securities Litigation,*
    251 F. Supp. 2d 77 (D.D.C. 2003) ...................................................................11

*United States ex rel. Alexander v. Dyncorp, Inc.,*
    924 F. Supp. 292 (D.D.C. 1996) ........................................................................4

*United States. ex rel. Joseph v. Cannon,*
    642 F.2d 1373 (D.C. Cir. 1981) .........................................................................4

*Urban Investments, Inc. v. Branham,*
    464 A.2d 93 (D.C. Cir. 1983) ............................................................................6

*W.C. & A.N. Miller Cos. v. United States,*
    963 F. Supp. 1231 (D.D.C. 1997), *aff'd,* No. 99-5010, 1999 WL 414253 (D.C.
    Cir. May 17, 1999)........................................................................................2, 3

*Williams v. District of Columbia,*
    902 A.2d 91 (D.C. 2006) ....................................................................................7

*\*Wilson v. Briscoe,*
    No. CIV.A.89-3421(LFO), 1990 WL 116836 (D.D.C. 1990), *aff'd* 946 F.2d
    1568 (D.C. Cir. 1991) ......................................................................................13

## STATUTES & RULES

D.C. Code § 28:2-102 ...........................................................................................24

D.C. Code § 28-3904 ...................................................................................... passim

D.C. Code § 28:2-302 ...........................................................................................24

Fed. R. Civ. P. 12(b)(6)..............................................................................................1

Fed. R.Civ. P. 9(b) ...........................................................................................1, 4, 9

\* Cases designated as chiefly relied upon pursuant to LCvR 7(a).

Pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule LCvR 7.1(a), Defendant CitiMortgage, Inc. ("CitiMortgage") submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss nine of eleven counts in the Complaint filed by Plaintiff Scott Pluta ("Pluta").

## PRELIMINARY STATEMENT

The Complaint in this action attempts to twist allegations of poor customer service in a straight-forward home mortgage transaction into a grandiose case of predatory lending, fraud, and negligence. Allegedly the victim of poor communication and sloppy servicing by Defendant Larry Osborne ("Osborne"), a CitiMortgage loan officer, Pluta has alleged every conceivable legal theory in tort and consumer protection law in connection with a home loan that closed, albeit on terms that were moderately more expensive than he anticipated at the onset of the process. Even taking Mr. Pluta's factual allegations as true, this attempt is unavailing as a matter of law in nine of eleven counts, and these counts should be dismissed for failure to state a claim.

The baseless nature of the nine claims is apparent on the face of the Complaint and the factual allegations made therein. Pluta alleges that he sought a Primary and Secondary loan to purchase the $675,000 condominium of his choice and concedes that he received a Primary and Secondary loan and closed on that condominium on October 19, 2005, the originally scheduled closing day. (Compl. ¶¶ 20, 24, 75.) Thus, by his own admission, Pluta obtained financing from Defendant and purchased the property of his choice on schedule. Additionally, Pluta does not allege and did not experience any pressure from CitiMortgage or any of its employees to close on the loan, at the terms offered, on the day of closing. Pluta also does not allege that he ever sought to cancel or postpone the loan and property closing on October 19, 2005, nor has he

sought to rescind the loan at any point. To the contrary, Pluta voluntarily closed on the loan in order to obtain the condominium he desired.

Moreover, although Pluta repeatedly refers to the terms of an alleged "Sept. 26 Loan" in his Complaint, the terms he refers to are, on the face of the Complaint, not loan terms, but the terms of a September 26, 2005 Good Faith Estimate ("GFE") that Pluta alleges was provided to him by Osborne. The Truth in Lending Disclosure attached to the GFE (and attached and incorporated into the Complaint) clearly states in bold that "THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND." (Compl. Ex. 1.) The critical allegation linking the terms of the GFE to the final loan Pluta anticipated receiving from CitiMortgage is a vague, unspecific allegation that Osborne told him that such a loan "could" be made. (Compl. ¶ 35.) Additionally, Pluta does not, at any time, allege that his complete financial profile – which he concedes CitiMortgage did not have when the GFE was presented (Compl. ¶ 46) – qualified him for a loan under the terms stated in the September 26, 2005 GFE.

As discussed in detail below, as a result of these and other admitted facts and pleading deficiencies, Plaintiff's claims for fraud (Count I), negligent misrepresentation (Count II), negligent infliction of emotional distress (Count III), negligent hiring, training, supervision and retention (Count IV), professional malpractice (Count V), negligence (Count VI), conversion (Count VII), consumer protection act violations (Count VIII), and unconscionability (Count XI) must be dismissed.

## STANDARD OF REVIEW

In determining whether to grant a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court "must accept the factual allegations as true and draw all reasonable inferences therefrom in favor of the plaintiff." *W.C. & A.N. Miller Cos. v. United*

*States*, 963 F. Supp. 1231, 1235 (D.D.C. 1997) (citing *Maljack Productions, Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995) *aff'd*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999); *Sheridan-Wyoming Coal Co. v. Krug*, 168 F.2d 557, 559 (D.C. Cir. 1948). When considering a motion to dismiss, however, the Court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 336 (D.D.C. 1999) ("the court need not accept as true the plaintiffs' legal conclusions"). Indeed, "the Court must not accept inferences drawn by the plaintiff if they are unsupported by the facts, nor must the Court accept purely legal conclusions masked as factual allegations." *W.C. & A.N. Miller Cos.*, 963 F. Supp. at 1235 (D.D.C. 1997) (citing *Maljack Productions,Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1996); *Sheridan-Wyoming Coal Co.*, 168 F.2d at 559.

This Circuit is in accord with its sister circuits in recognizing an exception to the rule that a motion to dismiss may be based only upon the allegations stated in the complaint. The exception holds that a movant may base its motion to dismiss upon documents referred to in the complaint and relied upon by the plaintiff in bringing a civil action. *Sharpe v. National Football League Players Ass'n.*, 941 F. Supp. 8, 10 n.1 (D.D.C. 1996); *Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 110 (D.D.C. 2002); *Abigail Alliance for Better Access to Developmental Drugs v. McClellan*, No. 03-1601 (RMU), 2004 WL 3777340, at * 1 n.1 (D.D.C. Aug. 30, 2004). Accordingly, CitiMortgage may bring these documents to the Court's attention for consideration in deciding this motion.

As shown below, nine of Plaintiff's eleven claims in the Complaint, even taking Plaintiff's allegations as true, fail to state a claim against CitiMortgage.

## ARGUMENT

I.  **PLAINTIFF'S FRAUD CLAIM (COUNT I) MUST BE DISMISSED UNDER FRCP 9(B) AND 12(B)(6) FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY AND FAILURE TO STATE A CLAIM.**

Plaintiff's claim for fraud must be dismissed because the allegations in Count I do not satisfy Federal Rule of Civil Procedure 9(b)'s requirement that fraud allegations be pled with particularity. Additionally, Plaintiff relies on statements of future intentions to plead his fraud claim. These statements are not actionable and thus Plaintiff's claim should be dismissed under Rule 12(b)(6) as well.

Rule 9(b) heightens the pleading requirements for special allegations in a complaint, including fraud, requiring that in all allegations of fraud, the circumstances of the fraud "shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) has been interpreted by the D.C. Circuit as requiring the plaintiff to "'state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud.'" *United States ex rel. Alexander v. Dyncorp, Inc.*, 924 F. Supp. 292, 303 (D.D.C. 1996) (quoting *United States. ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981)). Conclusory allegations of fraud are insufficient to meet the requirements of Rule 9(b). *See Barnstead Broad. Corp. v. Offshore Broadcast. Corp.*, 886 F. Supp. 874, 883 (D.D.C. 1995). Failure to plead fraud with particularity is grounds for dismissal for failure to state a claim upon which relief can be granted.[1/] *Alexander*, 924 F. Supp. at 303.

---

[1/]    Furthermore, fraud is never presumed and must be established by clear and convincing evidence. *See Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. Cir. 1977) (granting summary judgment on plaintiff's allegations of fraudulent misrepresentations and omissions in connection with plaintiff's purchase of undivided interest in certain joint ventures). The

## A.    Plaintiff Fails to Plead His Fraud Claim With Sufficient Particularity.

Plaintiff bases his fraud claim on allegedly false representations made by Defendant Osborne to Plaintiff and to Plaintiff's Real Estate Agent regarding the ongoing processing of the loan, and the final terms of the loan. Plaintiff fails to specify the time, date, or place of these alleged representations, relying instead on generalized phrases such as "[b]etween September 27, 2005 and September 30, 2005, on several occasions…" and [b]eginning on September 26, 2005, and again on many instances up until closing…" (Compl. ¶¶ 48, 98(a).) Additionally, even when Plaintiff alleges a date, his allegations that Osborne represented that the final terms of the loan would conform to the September 26, 2005 GFE consist of such generalities as Osborne "indicated," "confirmed," or "[Plaintiff's Real Estate Agent] received assurances" that the loan application was in processing or was in underwriting. (Compl. ¶¶ 38, 49, 60.) Moreover, despite the fact that Plaintiff's fraud claim depends on some representation that the September 26, 2005 GFE terms were purportedly "final" terms of "the loan," Plaintiff wholly fails to detail how Osborne allegedly linked the processing and underwriting of the loan to the September 26, 2005 GFE terms. For these reasons, Plaintiff's fraud claim is not stated with sufficient particularity and must be dismissed.

## B.    Plaintiff's Fraud Claim Relies Upon Non-Actionable Statements of Future Events.

To the extent that Plaintiff does plead an alleged misrepresentation with particularity as to date, time, manner and content in one instance, he relies on alleged misrepresentations involving future events which may or may not have occurred. Where a person does not have "definite knowledge" that such events will not occur, the statements of future intentions are not

---

essential elements of fraud are: (1) a false representation; (2) in reference to a material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; and (5) action is taken in reliance upon the representation. *Id.*

actionable. *See Day v. Sidley & Austin*, 394 F. Supp. 986 (D.D.C. 1975) *aff'd*, 548 F.2d 1018 (D.C. Cir. 1976); *Urban Inv. v. Branham*, 464 A.2d 93, 98 (D.C. Cir. 1983); *One-On-One Enter. v. Caruso*, 668 F. Supp. 693, 699 (D.D.C. 1987) (stating that "[a]n action based on fraud 'can only be predicated on misrepresentation of past or existing fact; breach of future promises lies in the realm of the contract'" and holding that plaintiff's allegations that as to defendant's "assurances" that defendant would perform certain acts in the future constituted future conduct, and thus, could not be the predicate for an action grounded in fraud).

In this case, the critical allegation that a "loan" somehow arose from the September 26, 2005 GFE is Pluta's allegation that Osborne orally represented that a loan "could" be financed on certain terms with a ten percent down payment.[2] (Compl. ¶ 35.) On its face, this alleged misrepresentation – that something "could" be done as opposed to absolutely "would" be done – involves future events which may or may not have occurred, and which Osborne would have had no way of knowing would or would not occur. Plaintiff has not alleged that Osborne had definite knowledge at that time that such terms could not be offered if Plaintiff qualified for those terms after loan processing and the receipt by CitiMortgage of more detailed financial information from Plaintiff, which Plaintiff knew had yet to occur given the language of the GFE. (Compl. Ex. 1). Thus, this statement is non-actionable and could not constitute fraud.

Similarly, Osborne's alleged misrepresentation that "there was a period of time after closing in which adjustments could be made to the Primary and Secondary Loans" and that Osborne "would" correct the discrepancy is also a non-actionable statement of future intention as presented in the Complaint. (Compl. ¶¶ 83, 98(f).) There is no allegation that Osborne's

---

[2]    Plaintiff also makes the related, vague allegation that Osborne represented "he had until the close of business the next day to 'get locked in' to the terms contained in the Sept. 26 GFE," a further indication that what was being discussed was a GFE, not an actual loan. (Compl. ¶ 37.)

statement that adjustments "could" be made as a matter of CitiMortgage policy was false or that Osborne's statement that he "would" work to obtain such adjustments was false when made. Notably, there is also no allegation that Osborne guaranteed such adjustments would be made or that he had sole authority to make them.

> ### C.    Plaintiff's Alleged Fraudulent Statements Did Not Cause Reasonable Reliance.

Plaintiffs claiming fraud must establish by clear and convincing evidence that the defrauded party's reliance was objectively reasonable. *Williams v. District of Columbia*, 902 A.2d 91, 94 (D.C. 2006); *One-On-One Enter. v. Caruso*, 668 F. Supp. 693 (D.D.C. 1987) *aff'd,* 848 F.2d 1283 (D.C. Cir. 1988); *College Sports Council v. Gov't Accountability Office*, 421 F. Supp. 2d 59, 70 (D.D.C. 2006). Plaintiff has not pled facts sufficient to show that his reliance was reasonable.

Plaintiff argues that he acted in reliance on his alleged belief that he had a "loan" conforming to the September 26, 2005 GFE and the terms on the Truth in Lending Disclosure Statement. This Truth in Lending Disclosure – incorporated by reference in the Complaint – clearly states in bold "THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND." (Compl. Ex. 1.) The Good Faith Estimate of Settlement Costs states that "[t]he fees listed are estimates – the actual charges may be more or less." *Id.* Plaintiff's primary support for his alleged reliance is Osborne's purported representation that CitiMortgage "could" finance the Plaintiff's Condominium at those terms with a 10% down payment. (Compl. ¶ 35.) At the time Plaintiff received these documents and Osborne's alleged representation, he had submitted a mortgage application, a copy of his offer of employment letter, and a copy of the $20,000 earnest money check. (Compl. ¶¶ 24, 27.) He did not submit additional critical financial information, such as his bank records, pay stubs, and W-2 forms until September 28, 2005. (Compl. ¶ 46.)

To the extent the Court must accept as true Plaintiff's allegation that he did act in reliance on some misstatement by Osborne, the documents Pluta concedes he was given and the steps he concedes remained in the loan process show, on the face of the Complaint, that any such reliance was not reasonable.[3/] In the face of these documents and his own knowledge that he was at the very beginning of the loan application process, Plaintiff cannot show that it was objectively reasonable to rely on Osborne's alleged statement. Thus, Plaintiff's fraud claim cannot stand.

Plaintiff additionally alleges that Osborne falsely represented on the Oct. 7 GFE that Plaintiff was aware of the document and had been at a face-to-face meeting with Osborne. (Compl. ¶ 98(e).) Plaintiff fails to allege, and indeed cannot allege, that he took any action based upon this alleged misrepresentation. Plaintiff's Complaint specifically states that "Plaintiff had never seen this document before the closing." (Compl. ¶ 84.) Thus, Osborne's representations on the document, true or otherwise, could not have induced Plaintiff to act in reliance upon them and cannot form the basis for his fraud claim.

**D.    Plaintiff's Alleged Fraudulent Statements Were True on the Face of the Complaint.**

Finally, Plaintiff lists certain statements that are, according to his own Complaint, true and thus cannot form a basis for relief. Plaintiff states that on or about October 13, 2005, Osborne represented that Plaintiff's loan was "in processing." (Compl. ¶ 98(b).) According to Plaintiff's Complaint, his loan was in processing on October 13, 2005. On October 11, 2005, Barb Majors of CitiMortgage approved a loan for Plaintiff at counter-offered terms and the loan was to stay in counter status for three days. (Compl. ¶ 59.) Likewise, Plaintiff alleges that Osborne misrepresented the "actual reason" that Plaintiff was required to provide an additional

---

[3/]    The Court is not required to accept Pluta's conclusory assertion that his reliance was reasonable. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 336 (D.D.C. 1999).

2.5% of the purchase price in his down payment. (Compl. ¶ 98(c).) According to Plaintiff's complaint, Osborne stated that Plaintiff needed to provide the additional funds in order to "get CitiMortgage to finance the purchase of the Condominium." (Compl. ¶ 66.) As detailed in Plaintiff's Complaint, CitiMortgage did in fact need Plaintiff to provide the additional funds in order to keep Plaintiff's debt-to-income ratio ("DTI") within lending guidelines. (Compl. ¶ 65.)

In summary, Plaintiff's fraud claim is too flawed to state a claim upon which relief can be granted. First, Plaintiff fails to plead a number of his allegations with sufficient particularity, relying on blocks of dates and generalities of description rather than providing the time, place, and content of the alleged misrepresentation. Second, Plaintiff pleads allegations that involve future events, but fails to plead that the speaker had knowledge that the events would not occur. Third, Plaintiff does not show that his reliance on the allegedly fraudulent statements was reasonable and he alleges "misrepresentations" that his own Complaint shows did not cause him to act in reliance. Finally, Plaintiff pleads misrepresentations that his own Complaint shows were not misrepresentations, but were true statements of fact. For all of these reasons, Plaintiff's fraud claim must be dismissed under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

## II.     PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM (COUNT II) MUST BE DISMISSED FOR FAILURE TO PLEAD WITH SUFFICIENT PARTICULARITY AND FAILURE TO STATE A CLAIM.

### A.     Plaintiff Does Not Plead Facts With Sufficient Particularity and Fails to State an Actionable Claim.

Plaintiff's negligent misrepresentation claim rehashes the same allegations as his fraud claim and thus suffers from the same legal deficiencies. Just as with fraud claims, a plaintiff cannot sustain a negligent misrepresentation claim where he fails to meet the pleading requirements of Rule 9(b). *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 254 (D.D.C. 2004) ("a failure to satisfy the pleading requirements of Rule 9(b) would be fatal to the plaintiff's claim

of negligent misrepresentation"); *In re U.S. Office Products Co. Sec. Litig.*, 251 F. Supp. 2d 58, 74 n. 9 (D.D.C. 2003) (noting that plaintiff must plead negligent misrepresentation claims with particularity). Likewise, predictive statements about future events are not actionable in negligent misrepresentation claims as a general rule. *See Orteck Int'l. Inc. v. TransPacific Tire & Wheel, Inc.*, No. CIVA DKC 2005-2882, 2006 WL 2572474, at *20 (D. Md. Sept. 5, 2006). Because Plaintiff's negligent misrepresentation claim simply restates his fraud claim, this claim must also be dismissed for the reasons discussed above.

### B.    Plaintiff Does Not Allege an Independent Duty of Care and a Contractual Obligation Does Not Give Rise to a Duty of Care in Tort.

Under District of Columbia law, a plaintiff alleging negligent misrepresentation must prove: (1) a false statement or omission of fact which the defendant had a duty to disclose, (2) involving a material issue, (3) on which the plaintiff reasonably relied to his detriment. *Anderson*, 221 F.R.D. at 254.

Thus, causes of action based on negligent misrepresentation require that the defendant owe a duty in tort to the party bringing suit. A dispute regarding the performance of a contract lies in a contract claim and not in a tort action absent an independent duty or obligation other that arising out of the contract itself. *Prouty v. Nat'l Railroad Passenger Corp.*, 572 F. Supp. 200, 206 (D.D.C. 1983) (granting motion for summary judgment where plaintiff did not allege a violation of a duty imposed by statute or law and instead pled same factual allegations in breach of contract claim); *RLI Ins. Co. v. Pohl, Inc. of America*, No. CIVA04-0427(RJL), 2006 WL 1883422 at *3 n.6 (D.D.C., July 7, 2006) (appropriate venue for relief is breach of contract because "the omission to perform a contractual obligation does not ordinarily create a cause of action in tort as between the contracting parties")(internal citations omitted); *Blake Constr. Co. v. C.J. Coakley Co.*, 431 A.2d 569, 577 n. 5 (D.C. 1981) ("[w]hen two parties are in dispute over

performance under a contract, their recourse lies in a legal suit under the contract and not in an action in tort unless there are exceptional circumstances of a violation of duty imposed by statute or law beyond the contract's terms"); *Int'l Ore & Fertilizer Corp. v. SGS Control Serv., Inc,* 38 F.3d 1279, 1283 (2d Cir. 1994) (tort of negligent misrepresentation cannot form the basis of liability where parties' sole legal duties arise out of a contract). No such duty exists between Plaintiff and CitiMortgage.

As an initial matter, Plaintiff fails to plead the origin of the duty of care between himself and CitiMortgage. This omission alone makes Plaintiff's Complaint deficient because as an essential element of a negligence claim, the Complaint "may not rest on mere 'conclusory assertions' regarding the existence of a duty." *In re U.S. Office Products Co. Securities Litigation,* 251 F. Supp. 2d 77, 98 (D.D.C. 2003).

Because the contract for the mortgage loan is the subject of the Complaint, it is presumably this contract that Plaintiff would argue gives rise to the alleged duty of care. This argument must fail as a matter of law because the contract cannot provide the basis for a duty of care sounding in tort. Additionally, Plaintiff does not even allege that an independent duty of care arises under statute or law. Thus, because there is no duty of care between CitiMortgage and Plaintiff and because Plaintiff does not allege the basis of any such duty, Plaintiff's negligent misrepresentation claim fails as a matter of law.

### C.    Plaintiff Cannot Show Reasonable Reliance on the Alleged Misrepresentations.

Plaintiff has not plead facts sufficient to show that he reasonably relied upon Osborne's alleged misstatements to establish his negligent misrepresentation claim. In the commercial context, "not only must the plaintiffs plead reasonable reliance, but the plaintiffs must plead reliance that is objectively reasonable." *In re U.S. Office Products Co. Securities Litigation,* 251

F. Supp.2d 58, 74 (D.D.C. 2003); *Alicke v. MCI Communications Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997); *Redmond v. State Farm Insurance Co.*, 728 A.2d 1202, 1208 (D.C. 1999). There can be no question that this transaction involves a commercial contract negotiated at arm's length. Thus, because there is no factual basis for establishing objectively reasonable reliance, plaintiff's negligent misrepresentation claim, as with his fraud claim, must fail.

As described in detail in section I.C., *supra*, the heart of Plaintiff's argument that he acted in reliance lies in his alleged belief that he had a "loan" conforming to the September 26, 2005 GFE and the terms on the Truth in Lending Disclosure Statement. This Truth in Lending Disclosure clearly states in bold "THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND." (Compl. Ex. 1.) The Good Faith Estimate of Settlement Costs states that "[t]he fees listed are estimates – the actual charges may be more or less." *Id.* Plaintiff's critical allegation for his reliance is Osborne's alleged representation that CitiMortgage "could" finance the Plaintiff's Condominium at those terms with a 10% down payment. (Compl. ¶ 35.) At the time Plaintiff received these documents and Osborne's alleged representation, he had not yet submitted detailed financial information. (Compl. ¶¶ 24, 27, 46.) In the face of these documents and his own knowledge that he was at the very beginning of the loan application process, Plaintiff cannot show that it was objectively reasonable to rely on Osborne's alleged misrepresentation. Thus, Plaintiff's negligent misrepresentation claim cannot stand.

**III.  PLAINTIFF'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM (COUNT III) MUST BE DISMISSED BECAUSE DEFENDANT DID NOT OWE A DUTY TO PLAINTIFF AND PLAINTIFF FAILS TO ALLEGE PHYSICAL INJURY.**

In order to establish a claim for negligent infliction of emotional distress, a plaintiff must show that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached its duty, and (3) the breach was the proximate cause of (4) damages sustained by the plaintiff. *Fletcher v.*

*District of Columbia*, No. Civ.A.01-0297(RMU), 2005 WL 670676 at *6 (D.D.C. March 22, 2005) (citing *Powell v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993). As shown above in Section II.B. *supra*, Plaintiff does not allege the origin of CitiMortgage's duty of care to Plaintiff. Moreover, a contractual obligation cannot give rise to a duty of care in tort. Therefore, Plaintiff's claim for negligent infliction of emotional distress must be dismissed.

Additionally, under D.C. law, a plaintiff must show a physical injury or predicate in order to state a claim for negligent infliction of emotional distress. *Wilson v. Briscoe*, No. CIV.A.89-3421(LFO), 1990 WL 116836 at *2 (D.D.C. 1990) (referencing *Harrison v. Canada Dry Corp.*, 245 A.2d 642 (D.C. 1968) and *Garber v. United States*, 578 F.2d 414, 415 (D.C. Cir. 1978)), *aff'd* 946 F.2d 1568 (D.C. Cir. 1991); *see also Jane W. v. President and Dirs. of Georgetown College*, 863 A.2d 821, 826 (D.C. 2004) (to establish a prima facie case, plaintiff must show she was in the "zone of physical danger" created by defendant's conduct, that the negligence caused her to "fear for her own well-being," and that the "claimed distress is serious and verifiable") (internal citations omitted). Where the injury alleged arises out of a psychological or mental origin and not a physical origin, the plaintiff fails to state a claim and the claim must be dismissed. *Wilson*, 1990 WL 116836, at *2.

Here, Plaintiff fails to allege any physical injury or exposure to a zone of danger from which his alleged injuries of "loss of sleep, loss of appetite, and difficulty focusing at work" arise. (Compl. ¶ 119.) Plaintiff does not allege that CitiMortgage's alleged negligence in relation to obtaining his home loan at any time put him in physical danger, caused him to fear for his own well-being, or created serious and verifiable distress. Rather, just as in *Wilson v. Briscoe*, "[e]ven if [his] allegations are read to include stress-related physical symptoms, the fact remains that the injuries complained of had a psychological and not a physical origin." *Id.*

Plaintiff pleads certain injuries that may have resulted from the mental stress of the alleged negligence; he does not, however, allege that these injuries arose from a physical injury or predicate. Accordingly, Plaintiff fails to state a prima facie case and this claim must be dismissed.

**IV.    PLAINTIFF'S NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION CLAIM (COUNT IV) ALSO FAILS BECAUSE DEFENDANT DID NOT OWE A DUTY TO PLAINTIFF AND WAS NOT ON NOTICE OF THE ALLEGED VIOLATIONS.**

As with any negligence claim, negligent hiring, training, supervision and retention claims require first that the plaintiff show that the defendant breached an applicable duty of care, thus causing injury to the plaintiff. *Sokos v. Hilton Hotels Corp.*, 283 F.Supp. 2d 42, 50 (D.D.C. 2003). Since CitiMortgage does not owe Plaintiff a duty of care in tort, CitiMortgage also cannot be liable to negligent hiring, training, supervision and retention.

Additionally, Plaintiff has failed to plead that CitiMortgage was on notice of Osborne's alleged misrepresentations. To prove a negligent hiring claim, the plaintiff must show that an employer "knew or should have known of any prior history of or tendency toward" an applicant behaving in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, unreasonably hired the employee. *Moseley v. Second New St. Paul Baptist Church*, 534 A.2d 346, 349 n.6 (D.C. 1987). Likewise, to establish negligent supervision or retention, the plaintiff must establish that the employer failed to adequately supervise or negligently retained the employee where the employer "knew or should have known its employee behaved in a dangerous or otherwise incompetent manner." *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985).

Plaintiff's Complaint contains only a single allegation regarding CitiMortgage's actual or constructive knowledge of Osborne's alleged misrepresentations and it is woefully inadequate to

establish a claim for negligent supervision or retention.  Plaintiff alleges that a CitiMortgage employee, Reginald Moore, described Osborne as a "headache." (Compl. ¶ 94.)  This lone allegation, existing entirely without context, fails to establish a basis for the Plaintiff's claims.  It is wholly insufficient to indicate that CitiMortgage knew or should have known of Osborne's alleged actions, and it does not contain any allegation that CitiMortgage, possessing that knowledge, chose to retain or inadequately supervise Osborne going forward.  Additionally, Plaintiff makes no allegations whatsoever regarding CitiMortgage's training program, nor its hiring program.  For these reasons, Plaintiff's negligent hiring, training, supervision and retention claims must be dismissed.

## V.    PLAINTIFF'S PROFESSIONAL MALPRACTICE CLAIM (COUNT V) MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO PLEAD THE REQUISITE ELEMENTS.

In order to establish a professional negligence claim, plaintiff must establish (1) the applicable standard of care; (2) defendant's deviation from that standard; and (3) causal connection between the two.  *Toy v. District of Columbia*, 549 A.2d 1, 6 (D.C. 1988) (affirming judgment notwithstanding the verdict where there was no affirmative evidence of the applicable standard of care).  Plaintiff's Complaint lacks any factual allegations regarding the applicable standard of care or the causal connection between Osborne's alleged deviation from an alleged professional standard and Plaintiff's injury.  Plaintiff also does not plead what, if any, special skills, training or experience members of Osborne's profession must possess, and thus what standard of performance is expected.  Instead, Plaintiff propounds a legal conclusion in the form of a factual allegation, stating merely that "[t]here exists a proximate causal connection between Osborne's negligent conduct and the resulting injury to the Plaintiff." (Compl. ¶ 128.)  Plaintiff does not, however, set out the applicable standard of care and thus also does not plead the causal connection with the alleged deviation.

**VI.    PLAINTIFF'S NEGLIGENCE CLAIM (COUNT VI) FAILS AS A MATTER OF LAW BECAUSE DEFENDANT DOES NOT OWE PLAINTIFF A DUTY OF CARE.**

As detailed in Section II.B. and C, *supra*, Plaintiff does not allege the basis for a duty of care between Plaintiff and CitiMortgage.  Plaintiff's complaint merely states in conclusory fashion that "Osborne's conduct was in violation of his duty to exercise reasonable care with Plaintiff."  (Compl. ¶ 131.)  Assuming, however, that the mortgage loan contract forms the alleged duty of care, as a matter of law, this contractual obligation cannot form the basis for a duty sounding in tort.  Thus, Plaintiff fails to show the existence of a duty of care.

**VII.    PLAINTIFF'S CONVERSION CLAIM (COUNT VII) MUST BE DISMISSED BECAUSE CITIMORTGAGE'S CONTROL OVER PLAINTIFF'S MONEY IS NOT UNLAWFUL AS A MATTER OF LAW.**

Plaintiff concedes that he voluntarily transferred his own money in order to close on the condominium of his choice.  Plaintiff has never demanded the return of his money and the rescission of the loan.  Thus, Plaintiff has not pled that CitiMortgage's control over his money is unlawful.  Because Plaintiff cannot meet the elements of conversion, his claim must be dismissed as a matter of law.

The elements of conversion are "(1) an unlawful exercise, (2) of ownership, dominion, or control, (3) of the personal property of another, (4) in denial or repudiation of that person's rights thereto."  *Equity Group, Ltd. v. Painewebber Inc.*, 839 F. Supp. 930, 933 (D.D.C. 1993) (citations omitted) *aff'd*, 48 F.3d 1285 (D.C. Cir. 1995).  A plaintiff that has voluntarily transferred ownership or control of the disputed property cannot establish that defendant unlawfully exercised control over this property.  *Id.*  Plaintiff prudently does not allege that his actions in closing on the property, signing and accepting the loan, and providing the necessary funds for closing were not voluntary.  To the contrary, Plaintiff's Complaint lists, in detail, the many steps he took after he concedes knowledge of the terms of the loan, to ensure that the loan

did close and that Plaintiff would be able to voluntarily provide the funds for the loan. Plaintiff cannot show that CitiMortgage is unlawfully exercising control over funds that were voluntarily provided.

Additionally, Plaintiff does not allege that CitiMortgage's initial possession of the funds was improper, nor that he made a demand for return. "Where the defendant's initial possession is lawful, the long-settled rule is that in the absence of other facts and circumstances independently establishing conversion, a demand for return is necessary to show the adverse nature of the possession." *Furash & Co. v. McClave*, 130 F. Supp. 2d 48, 58 (D.D.C. 2001). Plaintiff's own exhibits, which include his signed loan application dated October 19, 2005, *see* Complaint, Ex. 5, evidence that CitiMortgage took possession of Plaintiff's closing funds pursuant to a valid and voluntary agreement. Plaintiff has never demanded the return of his funds. Plaintiff's Complaint alleges only that he spoke with Osborne and attempted to contact him after closing and "attempt[ed] to settle" this matter with CitiMortgage. (Compl. ¶¶ 93, 96.) Plaintiff has therefore never demanded the return of the lawfully held funds and thus cannot show the adverse nature of CitiMortgage's possession.

## VIII. PLAINTIFF'S CLAIMS UNDER THE DISTRICT OF COLUMBIA CONSUMER PROTECTION ACT ("CPPA") (COUNT VIII) MUST BE DISMISSED.

Plaintiff attempts to shoe-horn his allegations into a claim under the CPPA, but a careful reading of the statute itself shows that Plaintiff's allegations, even taken as true, simply do not fall within the statute's reach.

### A. Plaintiff Fails to State a Claim Under § 28-3904(a) and (b).

Plaintiff fails to specifically allege the manner in which CitiMortgage violates § 28-3904(a) and, indeed, cannot show how Plaintiff's bargained-for and received loan has anything other than the exact "source, sponsorship, approval, certification, accessories, characteristics,

- 17 -

ingredients, uses, benefits or quantities" that CitiMortgage represented the loan possesses. Plaintiff, by his own admission, was aware at the time of the loan's execution of its terms, uses, sponsorship, and benefits. (Compl. ¶¶ 81, 82.) Plaintiff has not alleged that the loan does not have the uses and benefits that it had when Plaintiff voluntarily signed the loan, nor that it has performed in a manner that was not intended. To the contrary, Plaintiff closed on the loan and took possession of his condominium. The loan has exactly the uses and benefits that Plaintiff knew it had at the time of signing. Plaintiff similarly does not allege that CitiMortgage represented that the loan, Osborne, or CitiMortgage possessed a "sponsorship, approval, status, affiliation, certification, or connection that the person does not have." § 28-3904(b). While Plaintiff alleges a variety of misdeeds, he does not allege that either Defendant represented themselves as having any sponsorship, approval, status, affiliation, certification or connection other than those actually possessed. In the absence of any such pleading to support these two claims, Plaintiff's causes of action under § 28-3904(a) and (b) must fail.

**B.    Plaintiff Fails to State a Claim Under § 28-3904(d) Because he Received the Standard, Grade, Style or Model of Product Represented.**

Plaintiff alleges that Osborne's representation that Plaintiff would receive a loan with the terms contained in the September 26, 2005 GFE violates § 28-3904(d), which states that a person may not "[r]epresent that goods or services are of a particular standard, grade, style or model, if in fact they are of another." In fact, Plaintiff's dispute with his loan involves the *terms* of the loan, not the standard, grade, style or model. Because the statute does not define the terms "standard, grade, style or model," this Court may rely on common usage to determine the meaning of these words.[4/]  Reading the statute for its plain meaning, it is evident that § 28-

---

[4/]    Merriam Webster Dictionary defines these words as follows: standard: "something established by authority, custom, or general consent as a model or example"; grade: "a

3904(d) protects against a merchant changing the type of product. On the face of the Complaint, Plaintiff sought a primary thirty-year fixed rate loan and a secondary loan from CitiMortgage in order to purchase his condominium, and he received a primary thirty-year fixed rate loan and secondary loan from CitiMortgage and did purchase his condominium. Consequently, § 28-3904(d) is inapplicable to Plaintiff's claims.

C.    **Plaintiff Fails to State a Claim Under § 28-3904 (e) and (f) Because the Alleged Misrepresentations do Not Have a Tendency to Mislead.**

Section 28-3904(e) states that it is a violation of the CPPA to "[m]isrepresent a material fact which has a tendency to mislead." Even accepting Plaintiff's allegations as true, Osborne did not misrepresent the interest rate, down payment, points assessed on the principle, the title insurance, or the "true status of the Sept. 26 Loan" in a way that has a tendency to mislead.

Where the plaintiff does not show that the misrepresentation had a tendency to mislead a reasonable consumer, the plaintiff fails to state a claim under § 28-3904 (e) and (f). *Alicke v. MCI Communications Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997) (plaintiff failed to state a claim under § 28-3904(e) and (f) because no reasonable consumer could be mislead by defendant's billing practices into thinking she received more service than she did); *Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1176 (D.C. Cir. 2003) (defendant's alleged material misrepresentations or omissions could not, as a matter of law, have had a tendency to mislead since they relate to an advocate's traditional presentation of his client's side in litigation); *Banks v. District of Columbia Dept. of Consumer and Regulatory Affairs*, 634 A.2d 433, 439 (D.C. 1993) (no violation of §28-3904(e) existed where there could have been no tendency to mislead plaintiff into believing payment was for services rendered when plaintiff ended service relationship).

---

position in a scale of ranks or qualities"; style: "a distinctive quality, form, or type of something"; model: "a type or design of product."

Plaintiff here cannot show that Osborne's alleged misrepresentations or omissions had a tendency to mislead a reasonable consumer. *See also* Section I.C, *supra*. Plaintiff alleges that his purported belief that he had a "loan" conforming to the September 26, 2005 GFE on the Truth in Lending Disclosure Statement – a document that clearly states "THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND" – the Good Faith Estimate of Settlement Costs – which states "[t]he fees listed are estimates – the actual charges may be more or less" (Compl. Ex. 1) – and Osborne's alleged representation that CitiMortgage "could" finance the Plaintiff's Condominium at those terms with a 10% down payment. (Compl. ¶ 35.) At the time Plaintiff received these documents and Osborne's alleged representation, he had submitted a mortgage application, a copy of his offer of employment letter, and, possibly, a copy of the $20,000 earnest money check. He did not submit additional critical financial information, such as his bank records, pay stubs, and W-2 forms until September 28, 2005. (Compl. ¶ 46.) No reasonable consumer could believe that the interest rate, down payment, points assessed on the principle, or the cost of the title insurance was guaranteed as of September 26, 2005.

Moreover, the documents that Plaintiff relies upon as guarantees specifically and prominently state that they are not a loan or a commitment, and that the closing costs are merely estimates. Osborne's alleged representation that CitiMortgage "could" finance Plaintiff's condominium under the GFE terms, even taken as a misrepresentation,[5/] could not have had a tendency to mislead Plaintiff into believing a loan had been finalized when Plaintiff concedes he possessed documents that expressly state that no loan had yet been made. Similarly, Osborne's alleged misrepresentation that Plaintiff could "'get locked in' to the terms contained in the Sept.

---

[5/]     Plaintiff notably does not, because he could not, allege that CitiMortgage did not have the financial ability to loan him the money on those terms. The facts alleged in the complaint simply show that Plaintiff, after submitting his detailed financial information, did not qualify for those terms.

26 GFE" (Compl. ¶ 37) merely highlighted that terms in a GFE were being discussed and not terms of a loan. Likewise, Osborne's alleged confirmation that the loan was "in processing" and "in underwriting," even if taken as misstatements (which they were not), could not have mislead a reasonable consumer into believing that the GFE terms, which were expressly not guaranteed, somehow constituted "a loan." Indeed, the fact that the loan was in processing and underwriting showed that the terms were not finalized.

The facts alleged in Plaintiff's Complaint cannot show a tendency to mislead a reasonable consumer, and thus Plaintiff's claims under § 28-3908(e) & (f) fail as a matter of law.

**D.    Plaintiff Fails to State a Claim Under § 28-3904(k) Because No Misrepresentation of Items Needed Existed.**

Plaintiff claims that Osborne's alleged representations "that points and title insurance of a certain amount were needed" violates § 28-3904(k) because they were in fact. Plaintiff fails to allege facts sufficient to support this claim.

First, Plaintiff prudently does not allege that title insurance was not needed at all; he merely complains that the actual cost of the title insurance was higher than the original estimate. This allegation does not support a claim under § 28-3904(k) because Plaintiff does not allege that the title insurance was unnecessary. Second, Plaintiff has not alleged that points on the loan were not needed. Again, Plaintiff complains that he did not anticipate paying points on his loan. He does not allege that it was unnecessary to pay points in order to secure the loan at the terms issued, nor does he allege that he could have obtained the same terms elsewhere without points. Thus, Plaintiff's allegations fail to support a claim under § 28-3409(k).

**E.    Plaintiff Fails to State a Claim Under § 28-3904(r) Because There Is No Allegation that the Loan Terms are Unconscionable.**

Plaintiff fails to allege sufficient facts to support a claim under § 29-3904(r), which provides that a person may not "make or enforce unconscionable terms or provisions of sales or

leases." To prove unconscionability, "usually, the party seeking to avoid the contract must prove an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Lund v. Watergate Investors Ltd. Partnership*, 728 A.2d 77, 84 (D.C. 1999) (internal citations omitted) (affirming grant of summary judgment where plaintiff failed to show that terms were unreasonably favorable to defendant). Notably, Plaintiff does not even allege that the terms of his loan are unreasonably favorable to CitiMortage. This is not surprising in light of the fact that the loan Plaintiff received was a mere .100% above his allegedly anticipated rate. It would be preposterous to argue that such terms are unreasonable. Moreover, Plaintiff's own allegations evidence the reasonableness of the change in rate and increased down payment. As underwriter Barb Majors wrote in an email incorporated into the Complaint by reference, it was necessary to structure the loan as it was issued in order "to keep DTI [debt to income ratio] under 55%." (Compl. ¶ 65.) Thus, Plaintiff has not only failed to allege that the terms are unreasonably favorable to CitiMortgage, but will be unable to make such allegations in good faith.

Additionally, Section 28-3904(r) specifically lists five factors that indicate unconscionability and Plaintiff fails to plead that his loan meets any of these factors. Plaintiff prudently only cites subsection (r)(1), as the other subsections are patently inapplicable to his loan.[6/]    Plaintiff argues under subsection (r)(1) that the loan "would put" Plaintiff in a

---

[6/]    The other subsections state: (2) knowledge by the person at the time of the sale or lease of the inability of the consumer to receive substantial benefits from the property or services sold or leased; (3) gross disparity between the price of the property or services sold or leased and the value of the property or services measured by the price at which similar property or services are readily obtainable in transactions by like buyers or lessees; (4) that the person contracted for or received separate charges for insurance with respect to credit sales with the effect of making the sales, considered as a whole, unconscionable;  and (5) that the person has knowingly taken advantage of the inability of the consumer reasonably to protect his interests by reasons of age, physical or mental

"precarious financial position." (Compl. ¶ 142(f).) Plaintiff misstates the standard articulated in subsection (r)(1). A "precarious financial position" does not evidence an unconscionable contract. Rather, (r)(1) requires "knowledge by the person at the time credit sales are consummated that there was no reasonable probability of payment in full of the obligation by the consumer." Since Plaintiff has never alleged that he cannot meet his payment obligations in full, he wisely did not allege that CitiMortgage had knowledge at the time of the loan that he would be unable to meet his payment obligations. For these reasons, Plaintiff's claim under § 28-3904(r) cannot stand.

### F.    Plaintiff Fails to State a Claim Under § 28-3904(u) Because There Was No Subsequent Misrepresentation.

Plaintiff alleges a violation of § 28-3904(u) based on Osborne's alleged representation that a loan with the terms of the September 26, 2005 GFE was secured and was in processing and underwriting when it was not. Subsection 28-3904(u) "calls for a backward look: did a party make a present misrepresentation that he or she has done something pursuant to a previous representation?" *Banks v. District of Columbia Dept. of Consumer and Regulatory Affairs*, 634 A.2d 433, 439 (D.C. 1993). Here, Osborne, by Plaintiff's own admission, did submit the loan application to CitiMortgage to attempt to obtain the loan terms referred to in the GFE. The loan underwent processing and underwriting and a counter-offer of terms was issued. Osborne's alleged representations entailed confirming that the loan was in processing and in underwriting at a time when the loan was, in fact, in processing and underwriting. Thus, Plaintiff does not allege that Osborne made a present misrepresentation regarding a previous representation and this claim must fail as a matter of law.

---

infirmities, ignorance, illiteracy, or inability to understand the language of the agreement, or similar factors.

**G.    Plaintiff Fails to State a Claim Under § 28-3904(v) Because Osborne Did Not Misrepresent His Authority.**

Plaintiff's allegations fail to establish a claim under § 28-3904(v), which provides that it is a violation for a person to "misrepresent the authority of a salesman, representative, or agent to negotiate the final terms of a transaction." Here, there is no allegation that Osborne purported to negotiate the final terms of a transaction. Rather, taking Plaintiff's allegations as true, Osborne took Plaintiff's application, issued a Truth in Lending disclosure with its clear disclaimer and a GFE specifying the estimates of closing costs, and moved Plaintiff's application into processing and underwriting. Plaintiff does not allege that Osborne represented that Osborne himself was solely responsible for or able to approve the loan, nor does Plaintiff allege that Osborne represented that Pluta's transaction concluded on September 26, 2005. This claim must therefore be dismissed.

**H.    Plaintiff Fails to State a Claim Under § 28-3904(x) Because This Section Does Not Apply to Mortgages.**

Subsection 28-3904(x)[7/] applies only to the sale of consumer goods and does not apply to services. *Jackson v. Culinary School of Washington*, 811 F. Supp. 714, 725 (D.D.C. 1993) *overturned on other grounds*, 515 U.S. 1139 (1995) (dismissing plaintiffs' claim under § 28-3904(x) because a contract is not a good subject to the statute); *Armstrong v. Accrediting Council for Continuing Educ. & Training, Inc.*, 832 F. Supp. 419, 433 (D.D.C. 1993) *vacated on other grounds*, 84 F.3d 1452 (D.C. Cir. 1996) (plaintiff failed to state a cause under § 28-3904(x) in case involving student loans, which are services and not goods). It is undisputed that this case involves a mortgage loan and not a good. Therefore, Plaintiff's claim based on § 28-3904(x) must be dismissed as a matter of law.

---

[7/]    Subsection 28-3904(x) states in relevant part: "sell consumer goods in a condition or manner not consistent with…"

IX.    **PLAINTIFF'S UNCONSCIONABILITY CLAIM (COUNT XI) MUST BE DISMISSED BECAUSE D.C. CODE § 28:2-302 DOES NOT APPLY TO MORTGAGES.**

Pluta improperly asserts a claim of unconscionability in Count 11, under D.C. Code § 28:2-302. D.C. Code § 28:2-302, codifying U.C.C. Article 2, applies only to the sale of goods and does not apply to mortgage loans. The code provision specifically states, "this article applies to transactions in goods; it does not apply to any transaction which … is intended to operate only as a security transaction." D.C. Code § 28:2-102; *see also* § 28:2-105(1). Accordingly, this Court has recognized that a mortgagor cannot base an unconscionability claim on D.C. Code § 28:2-302 and that such a claim should be disposed of on a motion to dismiss.[8] *Johnson v. Long Beach Mortgage Loan Trust 2001-4*, 451 F. Supp. 2d 16, 35 (D.D.C. 2006). Thus, as a matter of law, this claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Counts 1 through 8 and Count 11 must be dismissed for failure to state a claim.

Respectfully submitted,

_____

Alec W. Farr (D.C. Bar No. 440046)
Kristin A. Hird (D.C. Bar No. 497800)
BRYAN CAVE LLP
700 Thirteenth Street, NW, Suite 700
Washington, DC 20005
Tel:  (202) 508-6000
Fax:  (202) 508-6200

Dated:  January 9, 2007                    *Counsel for Defendant CitiMortgage, Inc.*

---

[8]    Moreover, even if § 28:2-302 did apply to a mortgage loan, the provision specifically empowers a court only to refuse to enforce the contract or the provision. D.C. Code § 28:2-302(1). The provision does not authorize a court to award the compensatory damages sought in the Complaint. *See Johnson*, 451 F. Supp.2d at 35, n. 13.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via Federal

Express this 9th day of January, 2007, to:

Scott D. Pluta
777 7th Street, N.W.
Apartment #414
Washington, D.C. 20001
PLAINTIFF

_____
Alec W. Farr
Attorney for Defendant CitiMortgage, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT D. PLUTA          ) | |
|          ) | |
|   Plaintiff,        ) | |
|          ) | |
|   vs.           ) | Case No. 1:06CV01806 (RWR) |
|          ) | |
| CITIMORTGAGE, INC., *et al.,* ) | |
|          ) | |
|   Defendants.      ) | |
|          ) | |
|          ) | |

## ORDER

This matter comes before the Court on the motion of Defendant CitiMortgage, Inc.
("CitiMortgage"), to dismiss nine of eleven counts in the Complaint filed by Plaintiff Scott D.
Pluta ("Pluta") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.
Upon consideration of the memorandum filed in support of said motion, and of the papers filed
in opposition thereto, and for good cause shown, the Court finds:

      1.  Plaintiff's fraud claim (Count I) fails because Plaintiff does not plead fraud with
particularity, actionable misrepresentations or reasonable reliance on such representations.

      2.  Plaintiff's negligent misrepresentation claim (Count II) fails because Plaintiff
does not plead negligent misrepresentation with sufficient particularity and state an actionable
claim, Defendant does not owe a legally cognizable duty of care in tort to Plaintiff, and Plaintiff
cannot show reasonable reliance on alleged misstatements.

3.      Plaintiff's negligent infliction of emotional distress claim (Count III) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff and Plaintiff does not allege physical injury.

4.      Plaintiff's negligent hiring, training, supervision and retention claim (Count IV) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff and Plaintiff does not allege that Defendant was on notice of the alleged violations.

5.      Plaintiff's professional malpractice claim (Count V) fails because Plaintiff fails to plead the requisite elements of the claim.

6.      Plaintiff's negligence claim (Count VI) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff.

7.      Plaintiff's conversion claim (Count VII) fails because CitiMortgage's control over Plaintiff's money is not unlawful.

8.      Plaintiff's District of Columbia Consumer Protection Act claims (Count VIII) fail because Plaintiff's allegations do not state a claim under the Consumer Protection Act provisions.

9.      Plaintiff's unconscionability claim (Count XI) fails because D.C. Code § 28:2-302 does not apply to mortgages.

It is therefore **ORDERED** that Defendant's Motion to Dismiss the Complaint is hereby **GRANTED** with respect to Plaintiff's claims identified herein.


_____
Date

_____
The Honorable Richard W. Roberts
District Court Judge