IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT D. PLUTA,<br><br>　　Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC., *et al.*,<br><br>　　Defendants. | Case No. 1:06CV01806 (RWR) |

## DEFENDANT LARRY OSBORNE'S MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM IN SUPPORT

Defendant Larry Osborne ("Osborne"), by his undersigned counsel, files this Motion to Dismiss the Complaint filed by Plaintiff Scott D. Pluta ("Pluta") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. As grounds for his motion, Mr. Osborne adopts the points and authorities set forth in detail in Defendant CitiMortgage, Inc.'s Memorandum of Points and Authorities filed in support of its January 9, 2007 Motion to Dismiss, including:

1. Plaintiff's fraud claim (Count I) fails because Plaintiff does not plead fraud with particularity, actionable misrepresentations or reasonable reliance on such representations.

2. Plaintiff's negligent misrepresentation claim (Count II) fails because Plaintiff does not plead negligent misrepresentation with sufficient particularity and state an actionable claim, Defendant does not owe a legally cognizable duty of care in tort to Plaintiff, and Plaintiff cannot show reasonable reliance on alleged misstatements.

3. Plaintiff's negligent infliction of emotional distress claim (Count III) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff and Plaintiff does not allege physical injury.

4. Plaintiff's negligent hiring, training, supervision and retention claim (Count IV) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff and Plaintiff does not allege that Defendant was on notice of the alleged violations.

5. Plaintiff's professional malpractice claim (Count V) fails because Plaintiff fails to plead the requisite elements of the claim.

6. Plaintiff's negligence claim (Count VI) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff.

7. Plaintiff's conversion claim (Count VII) fails because CitiMortgage's control over Plaintiff's money is not unlawful.

8. Plaintiff's District of Columbia Consumer Protection Act claims (Count VIII) fail because Plaintiff's allegations do not state a claim under the Consumer Protection Act provisions.

9. Plaintiff's unconscionability claim (Count XI) fails because D.C. Code § 28:2-302 does not apply to mortgages.

For all of the foregoing reasons, set forth more fully in the Memorandum of Points and Authorities filed by CitiMortgage, Defendants' Motion to Dismiss should be granted and Counts I–VIII and XI should be dismissed.

Respectfully submitted,

_____
Alec W. Farr (D.C. Bar No. 440046)
Kristin A. Hird (D.C. Bar No. 497800)
BRYAN CAVE LLP
700 Thirteenth Street, NW, Suite 700
Washington, DC 20005
Tel:  (202) 508-6000
Fax:  (202) 508-6200

Dated:  March 6, 2007

*Counsel for Defendant Larry Osborne*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via Federal Express this 6th day of March, 2007, to:

Scott D. Pluta
777 7th Street, N.W.
Apartment #414
Washington, D.C. 20001
PLAINTIFF

Thomas C. Willcox
1020 19th Street, N.W.
Suite 400
Washington DC 20036
PLAINTIFF'S COUNSEL

_____
Counsel for Defendant Larry Osborne

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT D. PLUTA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITIMORTGAGE, INC., *et al.,* )<br>)<br>Defendants. )<br>) | Case No. 1:06CV01806 (RWR) |

## ORDER

This matter comes before the Court on the joint motion of Defendants CitiMortgage, Inc. ("CitiMortgage") and Larry Osborne ("Osborne") to dismiss nine of eleven counts in the Complaint filed by Plaintiff Scott D. Pluta ("Pluta") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the memorandum filed in support of said motion, and of the papers filed in opposition thereto, and for good cause shown, the Court finds:

1. Plaintiff's fraud claim (Count I) fails because Plaintiff does not plead fraud with particularity, actionable misrepresentations or reasonable reliance on such representations.

2. Plaintiff's negligent misrepresentation claim (Count II) fails because Plaintiff does not plead negligent misrepresentation with sufficient particularity and state an actionable claim, Defendant does not owe a legally cognizable duty of care in tort to Plaintiff, and Plaintiff cannot show reasonable reliance on alleged misstatements.

3.  Plaintiff's negligent infliction of emotional distress claim (Count III) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff and Plaintiff does not allege physical injury.

4.  Plaintiff's negligent hiring, training, supervision and retention claim (Count IV) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff and Plaintiff does not allege that Defendant was on notice of the alleged violations.

5.  Plaintiff's professional malpractice claim (Count V) fails because Plaintiff fails to plead the requisite elements of the claim.

6.  Plaintiff's negligence claim (Count VI) fails because Defendant does not owe a legally cognizable duty of care in tort to Plaintiff.

7.  Plaintiff's conversion claim (Count VII) fails because CitiMortgage's control over Plaintiff's money is not unlawful.

8.  Plaintiff's District of Columbia Consumer Protection Act claims (Count VIII) fail because Plaintiff's allegations do not state a claim under the Consumer Protection Act provisions.

9.  Plaintiff's unconscionability claim (Count XI) fails because D.C. Code § 28:2-302 does not apply to mortgages.

It is therefore **ORDERED** that Defendants' Motion to Dismiss the Complaint is hereby **GRANTED** with respect to Plaintiff's claims identified herein.

_____
Date

_____
The Honorable Richard W. Roberts
District Court Judge