UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Scott Pluta                                          Civil Action No. 06cv1806
                      Plaintiff,                     (RWR)
Vs.
CitiMortgage et al
                      Defendants.

## MOTION TO QUASH SUBPEONA DUCES TECUM OF THIRD PARTY WINSTON & STRAWN

Plaintiff, by undersigned counsel, hereby seeks to quash a subpeona served upon his

employer to compel production of documents.  Plaintiff makes this request because, as the

discovery in question interferes with his employment relationship, and is both attorney work

product and contains confidential attorney client communications, he has standing to so, and

because certain of the documents sought have already been provided to defendants, others are

entirely in Plaintiff's possession and will be provided to defendants, and the remainder are not

calculated to lead to admissible evidence.

Defendants do not consent to this Motion.

Wherefore for the reasons set forth above and in the accompany Memorandum, Plaintiff asks that this court quash the subpoena served upon third party Winston & Strawn, and any other relief this court deems just and proper.

Respectfully submitted,

 /s/ *Thomas C. Willcox*
 ----------------------------
 Thomas C. Willcox, Esq.
 1020 19th Street, N.W., Suite 400
 Washington, DC 20036
 Telephone: 202 223-0090
 Facsmile: 202 453-0092
 D.C. Bar No. 445135


CERTIFICATE OF SERVICE

I hereby certify the foregoing Motion was served electronically, making service by mail unnecessary.

/s/ *Thomas C. Willcox*
Thomas C. Willcox, Esq.

CERTIFICATION PURSUANT TO RULE 37 AND LOCAL RULE 7

I certify, pursuant to Rule 37, and Local Rule 7, that I unsuccessfully sought to resolve the discovery issues raised in the accompanying Motion to Quash by emailing a copy of the Motion on April 5th 2007, to counsel for both Defendants and stating in the email they should contact me if they wished to resolve any issues short of the filing of the motion to compel, by a teleconference with opposing counsel the next day, and a follow up email several hours prior to filing this motion.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Scott Pluta                              Civil Action No. 06cv1806
                    Plaintiff,           (RWR)
v

CitiMortgage et al
                    Defendants.

MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPEONA UPON EMPLOYER
OF PLAINTIFF, WINSTON & STRAWN

**BACKGROUND FACTS**

In September 2005, Plaintiff Scott Pluta began work as an associate at Winston &

Strawn, LLP in Washington, D.C.

On October 18th 2006, Mr. Pluta sued CitiMortgage and a CitiMortgage employee Mr.

Larry Osborne, alleging, <u>inter alia</u>, fraud and other allegations related to a closing on Mr. Pluta's

condominum in October 2005.

As part of Mr. Pluta's application for the loan procured at closing, Mr. Pluta provided to

CitiMortgage his offer of employment and related documents.

Citigroup, CitiMortgage's parent company, is a W&S client, and a "screening memo" has

been circulated instructing W&S attorneys not to communicate with Mr. Pluta as to Citigroup

matters.

Count III of Mr. Pluta's Complaint alleged intentional infliction of emotional distress,

and references of emotional distress are interspersed in other counts of the complaint.

On March 23rd 2007, Defendants subpeonaed W&S, seeking (1) documents related to Mr.

Pluta's offer of employment; (2) - (8) W&S's employment file, and related documents, such as

his billing records and those identifying the W&S personnel with whom he works, the clients for

whom he has performed work, relating to his emotional condition; (9) documents related to Mr.

Pluta's mortgage loan, and (10) any and all documents related to the litigation. Exhibit A.

On March 27th 2007, Plaintiff's counsel wrote to Defense Counsel, stating he was

withdrawing the claim for emotional distress, that all documents relating to Request No.1 (offer

of employment) were in the possession of Mr. Pluta, Requests Nos 2-8 related exclusively to

Count III and therefore were not calculated to lead to admissible evidence, and that, with respect

to Requests 9-10, Mr. Pluta was in possession of any responsive documents, and would certify

any such documents in the custody possession or control of W&S would be provided, and

asking that the subpoena be withdrawn.  Exhibit B.

On March 28th 2007, Defense Counsel responded, noting the filing by Plaintiff's counsel

had dismissed Count II, not Count III, and in any event, the claim for punitive damages

compelled the Defense "to investigate all bases for his prayer for relief . . . . we can only

assumed the basis for Mr. Pluta's claim that punitive damages could be awarded relates to his

multiple allegations that he suffered 'severe emotional distress' and had difficulties at work. Ex

C

On March 28th, 2007, Plaintiff filed a voluntary dismissal of Count III.

On March 30 2007, Defense counsel reiterated his position.  Exhibit D.

Within one week, Plaintiff will be filing an amended complaint, with no reference to

emotional distress in any counts.

Responding to the motion to quash, i,e., producing billing records, time sheets, client

identification information, would require W&S to produce privileged information.  Affirmation

of Scott Pluta. Exhibit E.

If continuation of the lawsuit compelled W&S to produce privileged information, Mr. Pluta might feel compelled to seek employment at a different law firm. Id.

Further, Mr. Pluta will not insert any evidence as to emotional distress into any fact finding proceeding in this case.   Id.

LAW

1.  Plaintiff has standing to quash the instant discovery request

A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter. United States v. Nachamie, 91 F. Supp. 2d 552, 559 (S.D.N.Y 2000) (citations omitted); Chiperas v. Rubin, No. CIV.A.96-130, 1998 WL 765126, at *2 (D.D.C. Nov. 3, 1998) (citations omitted). For example, a nonparty has standing to object to  subpoena duces tecum on  that  records were privileged, despite contention that only the served party could  object. Broadcort Capital Corp. v. Flagler Securities, Inc., 149 F.R.D. 626 (D.Colo.1993).

In the present case, Plaintiff has a compelling interest in preventing W&S from being forced to respond to the Subpoena, as Mr. Pluta has an interest in preventing disclosure of work product, confidential and otherwise privileged information, and because the subpeona impairs Mr. Pluta's employment relationship.

2.  Plaintiff has good cause to have the Subpoena Quashed.

Good cause exists under Fed.R.Civ.P. 26(c) when justice requires the protection of a person from annoyance, embarrassment, oppression, or undue burden or expense, a protective order should be granted, Fonville v. District of Columbia, No. CIV. A.02-2353, 2005

WL 1244816, at *1 (D.D.C. May 25, 2005), or that a subpoena duces tecum should be quashed,

U.S. v. Intern. Bus. Mach. Corp, 83 F.R.D. 97, 104 (S.D.N.Y. 1979) (citations omitted).

Furthermore, "a party seeking a protective order prohibiting deposition testimony or

document production must establish good cause and a specific need for protection, as opposed to

simply making conclusory or speculative statements." Alexander v FBI, 186 F.R.D. 71, at 75 (D.

D.C. 1998).  (citations omitted). "The moving party has a heavy burden of showing

'extraordinary circumstances' based on 'specific facts' that would justify such an order." Id.

In the present case, Plaintiff has a compelling need for protection. Plaintiff must protect

privileged records of his clients, such as billing records and client identification documents.

Additionally, as noted in the statement of facts, all documents responsive to Request Nos.

1-2 and 9-10 are already in the possession of the plaintiff, and will be produced to Defense

Counsel, along with a certification W&S has no additional documents responsive to this request.

The Defendants' last grasp at browbeating Mr. Pluta into abandoning this litigation so as

to maintain his employment. rests in their continued request for requests 2-8, on the theory a

request for punitive damages must relate to emotional distress.  Punitive damages may be

awarded for conduct that is "willful and outrageous, exhibits reckless disregard for the rights of

others, or is aggravated by 'evil motive, actual malice, or deliberate violence or oppression.' "

Harris v. Howard University, 28 F.Supp.2d 1, 25 (D.D.C.1998). Plaintiff need not show any

emotional distress to obtain punitive damages, and Plaintiff herein has expressly stated he will

not insert any evidence as to emotional distress in any fact finding proceeding.  Exhibit E.

CONCLUSION

For these reasons, this court should grant the instant motion and quash the Subpoena

Respectfully submitted

_/s/ Thomas C. Willcox_
Thomas C. Willcox
1020 19th Street, N.W., Suite 400
Washington, D.C   20036
(202) 223-0090

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Scott Pluta                                    Civil Action No. 06cv1806
        Plaintiff,                        (RWR)
Vs.
CitiMortgage et al
        Defendants.

ORDER ON MOTION TO QUASH SUBPEONA DUCES TECUM OF THIRD PARTY
WINSTON & STRAWN

For the reasons set forth in Plaintiff's motion, most particularly those relating to plaintiff's standing to protect his employment relationship, his showing all relevant documents have been produced to defendants, or will be through means other than this subpoena, and his disclaimer of any emotional distress claims or evidence which might support a claim of punitive damages.

IT IS HEREBY ORDERED

That the instant motion is granted, and defendant's subpeona of W&S is quashed.

_____
United States Magistrate Judge

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

Scott D. Pluta

V.

CitiMortgage, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:06cv01806(RWR)

TO: Eric L. Hirschhorn
Winston & Strawn, LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached list at Exhibit A.

| PLACE | Bryan Cave LLP, 700 Thirteenth Street, N.W. Suite 700 Washington, D.C. 20005-3960 | DATE AND TIME 4/13/2007 5:00 pm |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*   Attorney for Defendant | March 23, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Alec W. Farr, Bryan Cave LLP, 700 Thirteenth Street, N.W., Suite 700, Washington, D.C. 20005-3960
(202) 508-6053

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A TO SUBPOENA TO WINSTON & STRAWN, LLP**

## Definitions

1.      "Documents" shall have the broad meaning ascribed to it by Federal Rule of Civil Procedure 34, including, but not limited to, the original and all non-identical copies of any written, typed, printed, photocopied, photographic, machine-readable, or magnetically or optically recorded matter of any kind, including, but not limited to, letters, envelopes, forms, affidavits, correspondence, telegraphs, telecopies, facsimiles, paper communications, electronic communications (including e-mail communications), signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or other transcriptions by mechanical device, by longhand or shorthand recording, tape recorded materials, materials recorded by any electronic means, computer generated information, computer software, computer files, computer disks, computer tapes, intraoffice communications, interoffice communications, all summaries of oral communications, telephonic or otherwise, microfiche, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions, ledgers, minutes, agreements, journals, diaries, contracts, invoices, balance sheets, telephone messages or other messages, magazines, pamphlets, articles, notices, newspapers, studies, summaries, worksheets, telexes, cables and all other graphic materials, writings and instruments, however produced or reproduced.  Finally, a "document" includes both the "document" and anything appended thereto.

2.      "Relating" means concerning, addressing, recording, regarding, memorializing, evidencing or proving.

3.      "Pluta" shall mean Scott D. Pluta.

4.      "The Firm" shall mean Winston & Strawn, LLP and shall include its past and present owners, employees, agents, officers, directors, partners, successors, affiliates, parents,

subsidiaries, assigns, representatives, servants, and all persons and entities acting directly or indirectly on its behalf or under its control, including any attorney.

5.     "The Litigation" shall mean the case styled Scott D. Pluta v. CitiMortgage, Inc. *et al.*, Case Number 1:06cv01806, in the United States District Court for the District of Columbia.

## Instruction

6.     Any claim of privilege should be asserted by describing for each document for which such a claim is made:  (a) the date of the document, (b) the names of the author and all recipients, (c) the number of pages of the document, (d) the nature of the privilege asserted, and (e) the general subject matter of the document.

## Documents

1.     Any and all documents relating to Pluta's offer of employment by the Firm, including but not limited to his offer letter and starting salary.

2.     The Firm's employment file for Pluta.

3.     All documents relating to the Firm's assessment of Pluta's performance, including but not limited to any formal or informal performance evaluations, bonuses and salary raises.

4.     All documents relating to any requests for leave, vacation and personal and/or sick day records.

5.     All hourly billing reports by Pluta from the beginning of his employment to the present.

6.     Documents sufficient to show the partners, associates and staff members with whom Pluta has performed work from the beginning of his employment at the Firm to the present.

7.     Documents sufficient to show the clients for whom Pluta has performed work from the beginning of his employment at the Firm to the present.

8.     Documents related to any claim by Pluta of any mental, physical and/or emotional condition that affected his ability to work at the Firm from the beginning of his employment to the present.

9.     Any and all documents related to Pluta's residential mortgage loan, including but not limited to any and all correspondence with CitiMortgage, Inc., Larry Osborne, Market Street Mortgage or Corus Home Realty.

10.     Any and all documents related to the Litigation, including but not limited to e-mails and other correspondence with any law firm employees or clients regarding Pluta's claims against CitiMortgage from October 1, 2005 to the present.

**Thomas C. Willcox**
**Attorney at law**
1020 19th Street, N.W., Ste 400
Washington, D.C.  20036
Office: (202) 223-0090
Fax: (202) 452-0092

*Member, District of Columbia and*
*New York Bars*

March 27, 2007

VIA EMAIL awfarr@bryancave.com

Alec W.  Farr, Esquire
Bryan Cave LLP
700 Thirteenth Street NW
Washington, DC  20005-3960

Re: Pluta v.  Citimortgage et al.
     1:06 01806 (RWR)

Dear Mr.  Farr:

I am filing today a FRCP 41 dismissal of count II of the complaint, seeking damages for intentional infliction of emotional distress.

I am in receipt of your notice of deposition of the Winston & Strawn firm ("W&S"), seeking (1) documents related to Mr. Pluta's offer of employment; (2) - (8) W&S's employment file, and related documents, such as his billing records and those identifying the W&S personnel with whom he works, the clients for whom he has performed work, relating to his emotional condition; (9) documents related to Mr. Pluta's mortgage loan, and (10) any and all documents related to the litigation.

All documents responsive to item (1) are already in your possession as part of Mr. Pluta's loan application.  Further, as Mr. Pluta has dismissed Count II of the complaint, Requests Nos (2) -(8) seek information no longer calculated to lead to admissible evidence.

Finally, Mr. Pluta is in possession of any documents responsive to Requests Nos (9) - (10), and will be producing them next week as part of his response to your earlier discovery request, along with his certification that all documents in the custody, possession and control of W&S responsive to these requests have been produced.

For these reasons, I object to the subpoena and will file a motion to quash if it is not withdrawn.

Finally, Mr. Pluta is available to have his deposition taken on the following dates:  April 30 to May 4th.

On another issue, I am preparing a subpoena for Suntrust, Mr. Osborne's new employer, for all documents relevant to the transaction at issue.  I can forego the effort involved in this discovery for all parties if Mr. Osborne will certify that he has all such documents in his possession.  Please let me know your client's position on this.

Sincerely yours,

Thomas C. Willcox

cc:

(Via email:  sdpluta@hotmail.com)
Scott Pluta, Esquire
777  7th Street, N.W.
#414
Washington DC   20001

(Via email:  ehirschhorn@winston.com )
Eric L. Hirshorn, Esquire
Winston & Strawn, LLP
1700 K Street, N.W.
Washington DC   20006-3817



Alec W. Farr
Partner
Direct: (202) 508-6053
Fax: (202) 508-6200
awfarr@bryancave.com

March 28, 2007

Thomas C. Willcox, Esq.
Attorney at Law
1020 19th Street, NW
Suite 400
Washington, DC  20036

Re:    Scott D. Pluta v. CitiMortgage, Inc., et al.,
       Civil Action No. 1:06 01806 (RWR)

Dear Mr. Willcox:

I am writing in response to your March 27, 2007 letter.

I have received your papers voluntarily dismissing Count II of the Complaint via
ECF.  We do not, however, see how your dismissal of Count II obviates the need
for us to seek documents responsive to requests 2-8 in the subpoena to Winston &
Strawn LLP ("W&S") for at least two reasons.

First, Count II purported to state a claim for negligent misrepresentation.  While it
is certainly true that Mr. Pluta claimed to have suffered "mental pain and suffering
associated with the stress and anxiety caused by Osborne's actions and inactions"
in that count (Compl., ¶ 114), the purported claim for "intentional infliction of
emotional distress" is *Count III*.   In this count, which you have not voluntarily
dismissed, Mr. Pluta alleges that he has "suffered severe emotional distress" and
that the "stress and anxiety caused by Osborne's misdeeds are serious and
verifiable, and including (sic) loss of sleep, loss of appetite and difficulty focusing
at work." (Compl., ¶ 119).

Second, Mr. Pluta is seeking "treble and punitive damages" in connection with all
of his remaining claims against CitMortgage and Mr. Osborne, including his
claims of "predatory lending," "outright consumer fraud," negligence, professional
malpractice, conversion and usury. (Compl., p. 35).  While we believe Mr. Pluta
fails to state a claim under any of these overwrought theories -- let alone a claim
that would entitle him to punitive damages -- we are forced to investigate all
potential bases for his prayer for relief.  As the transaction at issue was a simple
mortgage loan that closed successfully and resulted in Mr. Pluta purchasing the
condominium of his choice (albeit at a moderately more expensive interest rate
than he initially anticipated equivalent to $55 more per month) we can only
assume the basis for Mr. Pluta's claim that punitive damages could be awarded
relates to his multiple allegations that he suffered "severe emotional distress" and
had difficulties at work.

Bryan Cave LLP

700 Thirteenth Street NW

Washington, DC 20005-3960

Tel (202) 508-6000

Fax (202) 508-6200

www.bryancave.com


Chicago

Hong Kong

Irvine

Jefferson City

Kansas City

Kuwait

Los Angeles

New York

Phoenix

Shanghai

St. Louis

Washington, DC

*And Bryan Cave,
A Multinational Partnership,*

London

Thomas C. Willcox, Esq.
March 28, 2007
Page 2

Bryan Cave LLP

We also do not see how the document production and certification from Mr. Pluta you refer to could satisfy W&S's obligations to respond to Requests 1, 9 and 10 of the subpoena.  Our understanding is that Mr. Pluta is merely an employee of the firm, not a partner.  He cannot purport to act on behalf of W&S with respect to the subpoena.

Moreover, we have every reason to believe the firm may have responsive documents in its electronic and paper files.  According to the Complaint, Mr. Pluta secured his financing in part as a result of CitiMortgage's relationship with W&S as a "Bank@Work client" (Compl., ¶ 54).  There are also references throughout the Complaint to Mr. Pluta leaving work and going directly to the CitiMortgage branch "across the street" to do business in connection with his loan.  Furthermore, Mr. Pluta began this case as a pro se litigant.  He sent us e-mails and called us during business hours.  He researched and wrote a 9-count, 35-page complaint, researched and wrote a 38-page brief in opposition to our motion to dismiss, propounded discovery and communicated with at least one witness over a 5-month period.  CitiMortgage is entitled to know whether there are non-privileged documents relating to Mr. Pluta's loan and this litigation in W&S's files -- including e-mails and other "deleted" documents that may need to be recovered -- and is not required to simply take Mr. Pluta's word for it that he has produced everything that exists.

Finally, we are puzzled by your announcement that you intend to serve a subpoena on Suntrust, Mr. Osborne's current employer "for all documents relevant to the transaction at issue."  According to the allegations in the Complaint, Suntrust had no involvement in financing Mr. Pluta's condominium whatsoever.  Mr. Osborne did not leave CitiMortgage to join Suntrust until after Mr. Pluta's loan closed and, unlike Mr. Pluta, Mr. Osborne never claimed to have suffered "severe emotional distress" that caused him difficulty at work.  Also unlike Mr. Pluta, Mr. Osborne never acted as a pro se litigant in this matter while employed by Suntrust.  We therefore do not see how you could have any good faith belief that Suntrust has "documents relevant to the transaction at issue."

Be advised, if you attempt to subpoena Suntrust in an effort to embarrass or pressure Mr. Osborne by making his employer aware of your client's baseless allegations of fraud and predatory lending, we will seek sanctions from the Court.  That said, Mr. Osborne will certify that Suntrust has no documents relating to this matter.

I will get back to you shortly on the precise date for Mr. Pluta's deposition.

Sincerely yours,

Alec W. Farr

Alec W. Farr

cc:    Christopher Schmidt, Esq.
       Eric L. Hirshorn, Esq.



Alec W. Farr
Partner
Direct: (202) 508-6053
Fax: (202) 508-6200
awfarr@bryancave.com

Bryan Cave LLP

700 Thirteenth Street NW

Washington, DC 20005-3960

Tel (202) 508-6000

Fax (202) 508-6200

www.bryancave.com

March 30, 2007

Thomas C. Willcox, Esq.
Attorney at Law
1020 19th Street, NW
Suite 400
Washington, DC  20036

Chicago

Hong Kong

Irvine

Jefferson City

Kansas City

Kuwait

Los Angeles

New York

Phoenix

Shanghai

St. Louis

Washington, DC

Re:    Scott D. Pluta v. CitiMortgage, Inc., et al.,
        Civil Action No. 1:06 01806 (RWR)

Dear Mr. Willcox:

I have received your Corrected Praecipe voluntarily dismissing Count III of the Complaint and, evidently, reinstating Count II.

As you know, Count II purports to state a claim for negligent misrepresentation, including that Mr. Pluta suffered "mental pain and suffering associated with the stress and anxiety caused by Osborne's actions and inactions" in that count (Compl., ¶ 114).   Moreover, Mr. Pluta is still seeking "treble and punitive damages" in connection with all of his remaining claims against CitiMortgage and Mr. Osborne.  As I stated in my earlier correspondence, it is our assumption that at least one basis for Mr. Pluta's claim for punitive damages relates to his allegations of "mental pain and suffering" including difficulties at work.

And Bryan Cave,
A Multinational Partnership,

London

Our position with regard to Requests 2-8 of our subpoena to Winston & Strawn LLP is unchanged.

Sincerely yours,

Alec W. Farr

cc:    Christopher J. Schmidt, Esq.
        Eric L. Hirshorn, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Scott Pluta                                Civil Action No. 06cv1806
        Plaintiff,                      (RWR)
Vs.
CitiMortgage et al
          Defendants.

AFFIRMATION OF SCOTT PLUTA IN SUPPORT OF MOTION TO QUASH

    I Scott Pluta, pursuant to 28 USC Section 1746 and under the penalties of perjury, do affirm the following facts:

1.  I am the Plaintiff in the above-captioned action.

2.  In 2005, I graduated from the University of Virginia School of Law  and joined the Washington DC office of Winston & Strawn LLP ("W&S").

3.  In October 2006, I filed a lawsuit against CitiMortgage and one of its employees, alleging fraud and related claims in the financing of a purchase of a condominium in October 2005.

4.  Count III of my original complaint was for intentional infliction of emotional distress.

5.  The Defendants in this case have subpoenaed my employer W&S, requesting information such as client billing records, time sheets and client identification information.

6.  I have an ethical duty to prevent the disclosure of such  privileged documents.

7. If continuation of the lawsuit compelled W&S to produce privileged information, I might feel compelled to seek employment at a different law firm.

8.  I have requested, and my counsel has so filed, a dismissal of Count III of the complaint.

9.  Further, I will not insert any evidence as to emotional distress into any fact finding proceeding in this case.

AFFIRMANT SAYETH FURTHER NOT

_/s/ Scott Pluta_
Scott Pluta

Date: April 6, 2007