IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT D. PLUTA | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:06CV01806 (RWR) |
| CITIMORTGAGE, INC., *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH
THE SUBPOENA DUCES TECUM TO WINSTON & STRAWN LLP**

Pursuant to Fed. R. Civ. P. 45 and Local Rule LCvR 7.1(b), Defendants CitiMortgage, Inc. ("CitiMortgage") and Larry Osborne submit this Memorandum in Opposition to the Motion to Quash Subpoena Duces Tecum of Third Party Winston & Strawn ("W&S") filed by Plaintiff Scott Pluta ("Pluta").

**PRELIMINARY STATEMENT**

Plaintiffs' Motion to Quash is without merit and should be denied. The subpoena to W&S is in no way an effort to "browbeat[t] Mr. Pluta into abandoning this litigation" or "interfere with his employment relationship." (Plt. Mem., 1, 7). As Plaintiff concedes, the initial Complaint contained a specific claim for Intentional Infliction of Emotional Distress (Count III) and "references of [sic] emotional distress [were] interspersed in other counts of the Complaint." (Plt. Mem, 1). Specifically, Pluta claimed that the "stress and anxiety caused by Osborne's misdeeds are serious and verifiable and including (sic) loss of sleep, loss of appetite and

*difficulty focusing at work.*" (Compl, ¶ 119)(emphasis added). To investigate those allegations, Defendants took the unremarkable step of sending a subpoena to Pluta's employer W&S that specifically sought *non-privileged* documents relating to Pluta's job performance, the identities of co-workers and clients he worked with (who might be witnesses to the "difficulty" Pluta claimed he was having at work), the mortgage loan transaction at issue and this litigation itself, which Plaintiff worked on as a *pro se* litigant during business hours at W&S.

In response to the subpoena, Plaintiff made efforts to withdraw the emotional distress aspects of his case. But as the correspondence attached to his own motion indicates, Pluta's efforts in that regard were not complete until *after* the Motion to Quash was filed. (Plt. Mem, Exhs A-E).[1/] While the motion is baseless on the merits in any event, it has now been rendered partially moot by Pluta's subsequent filing of an Amended Complaint that purports to remove all allegations of emotional distress. Defendants therefore withdraw Requests 2 through 8 of the subpoena.

The Court should, however, deny the motion on the merits and enter an order directing W&S to produce documents in response to Requests 1 (documents relating to Pluta's offer of employment), 9 (documents relating to the mortgage loan at issue) and 10 (documents relating to this litigation). Contrary to Plaintiff's assertions, the subpoena specifically does not request that privileged W&S client information be disclosed and thus does not pose even a hypothetical threat to Plaintiff's employment. Additionally, Plaintiff's proposed certification that W&S does not have any responsive documents that are not already in Plaintiff's possession is insufficient to

---

[1/]   Plaintiff's counsel withdrew and then reinstated Count II, for Negligent Misrepresentation, and then withdrew Count III, for Negligent Infliction of Emotional Distress. As of March 30, 2007, Plaintiff's Complaint still contained the allegations of emotional distress in other counts. Plaintiff's counsel indicated on Thursday, April 5, 2007 that he would file an Amended Complaint removing the allegations of emotional distress but did not file the Amended Complaint until Friday, April 13, 2007. Instead, Plaintiff's counsel filed this Motion to Quash on Friday, April 6, 2007, at a time when the emotional distress claims were still in the Complaint.

fulfill W&S's independent obligation to respond to the subpoena. Plaintiff is not a partner of W&S, has not been designated by W&S to act on its behalf and cannot certify that he has complete access to and control of all of W&S's files. Furthermore, as detailed below, Defendants have every reason to believe W&S is in possession of relevant documents and are entitled to a responsive document production from the firm under Fed. R. Civ. P. 45.

## ARGUMENT

The Court should deny the Motion to Quash as moot with respect to requests 2-8 of the subpoena. The Court should deny the Motion on the merits with respect to Requests 1, 9 and 10 and enter an order directing W&S to respond to that portion of the subpoena.

As Plaintiff concedes, he faces a "heavy burden of showing 'extraordinary circumstances' based on 'specific facts' that would justify" an order quashing the subpoena to W&S. (Pltf, Mem, p. 7)(citing *Alexander v. FBI*, 186 F.R.D. 71, 75 (D.D.C. 1998). Plaintiff has not come close to meeting this heavy burden with respect to Requests 1, 9 and 10 for several reasons.

First, Plaintiff does not even argue that the Requests seek irrelevant information or are "unduly burdensome" or "oppressive." Request 1 seeks documents relating to Plaintiff's offer of employment from W&S. Plaintiff alleges in his Complaint and Amended Complaint that this offer was part of the basis for his loan application. (See, e.g., Amended Compl, ¶ 49). Request 9 seeks documents relating to the Mortgage Loan at issue in this case. Request 10 seeks documents relating to this litigation. Plaintiff has made no showing that W&S would have any difficulty searching its electronic and paper records for such documents and their relevance to this matter is obvious.

Second, Plaintiff's argument that the subpoena seeks privileged information is unsupported by any specific argument or showing. As the party asserting the privilege, Plaintiff bears the burden of demonstrating specific facts showing the applicability of the privilege to specific documents called for by the subpoena. *FTC v. TRW, Inc.* 628 F.2d 207, 213 (D.C. Cir. 1980). Yet Plaintiff has not explained anywhere in his papers how documents relating to his offer of employment from W&S, documents relating to the mortgage loan at issue in this case and documents relating to the litigation in the files of W&S (which does not represent Pluta in this action) could possibly be privileged. Nor has Plaintiff identified a single specific document that he claims is covered by a privilege, nor has he specified which privilege(s) he is asserting. Such "conclusory or ipse dixi assertions are not enough." *Odone v. Croda Int'l PLC,* 950 F. Supp. 10, 14 (D.D.C. 1997) (quoting *Saxholm AS v. Dynal, Inc.,* 164 F.R.D. 331, 333 (E.D.N.Y. 1996)).

Third, Pluta's contention that Defendants are seeking privileged documents is simply wrong. The subpoena specifically seeks only non-privileged information, stating in its instructions that "[a]ny claim of privilege should be asserted by describing for each document for which such a claim is made: (a) the date of the document, (b) the names of the author and all recipients, (c) the number of pages of the documents, (d) the nature of the privilege asserted, and (e) the general subject matter of the document." (Plt. Mem., Ex. A.) As evidenced by the subpoena itself, any privileged information may be protected under the usual procedure of submitting a privilege log and withholding those specifically identified documents for further adjudication (if any).

Fourth, Plaintiff's argument that W&S should somehow be relieved of its obligation to respond to Defendants' subpoena because Plaintiff will "certify" that W&S does not have any

documents that are not already in Plaintiff's possession is without any legal basis. Plaintiff is not a partner of Winston & Strawn, he is employed as an associate. (Plt. Mem., Ex. E). Plaintiff does not claim that he is a corporate representative of W&S, nor does he assert that he has control over W&S's files or its document retention systems. He also does not assert that W&S has conducted a search for responsive documents pursuant to the subpoena and that the documents W&S retrieved are identical to the documents in Pluta's possession. In short, Plaintiff's proposed certification is nothing more than a personal promise that W&S does not have additional responsive documents.

Plaintiff does not because he cannot identify a single legal authority that obligates Defendants to simply "take his word for it" that W&S has no additional responsive documents. Moreover, Defendants have every reason to believe that W&S has documents responsive to Requests 1, 9 and 10. According to the Complaint, Mr. Pluta secured his financing from CitiMortgage in part as a result of CitiMortgage's relationship with W&S as a "Bank@Work client." (Compl., ¶ 54). There are also references throughout the Complaint to Mr. Pluta leaving work and going directly to the CitiMortgage branch "across the street" to do business in connection with his loan. Documents relating to that business may very well be in the firm's files. Documents relating to this litigation are also likely to be in the firm's files. Mr. Pluta began this case as a pro se litigant. He sent e-mails and made telephone calls to Defendants' counsel during business hours and researched and wrote a 9-count, 35-page complaint and a 38-page brief in response to Defendants' Motion to Dismiss.

Defendants are entitled to know whether there are documents relating to Mr. Pluta's loan and this litigation in W&S's files, including emails and other "deleted" documents that may need to be recovered. There is no basis for Mr. Pluta's assertion that the subpoena should be quashed

because Mr. Pluta will "certify" that he is producing all documents W&S might have. Under Federal Rule 45, Defendants are entitled to a search and production of documents by the law firm itself in response to their validly served subpoena.

## CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiff's Motion to Quash and issue an order requiring W&S to respond to Requests 1, 9 and 10 of the subpoena.

.

                                        Respectfully submitted,

                                        _____
                                        Alec W. Farr (D.C. Bar No. 440046)
                                        Kristin A. Hird (D.C. Bar No. 497800)
                                        BRYAN CAVE LLP
                                        700 Thirteenth Street, NW, Suite 700
                                        Washington, DC 20005
                                        Tel: (202) 508-6000
                                        Fax: (202) 508-6200

Dated: April 17, 2007                 *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically and via Federal Express this 17th day of April, 2007, to:

Thomas C. Willcox
1020 19th Street, N.W.
Suite 400
Washington DC 20036
PLAINTIFF'S COUNSEL

_____
Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SCOTT D. PLUTA** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **CITIMORTGAGE, INC.,** *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. **1:06CV01806 (RWR)** |

### ORDER

1. This matter comes before the Court on Plaintiff's Motion to Quash Subpoena Duces Tecum of Winston & Strawn. Upon consideration of the memorandum filed in opposition of said motion and for good cause shown, the Court finds:

It is **ORDERED** that Plaintiff's Motion to Quash Subpoena Duces Tecum of Winston & Strawn is hereby **DENIED**.

_____   _____
Date                The Honorable Richard W. Roberts
                    District Court Judge