IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT D. PLUTA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:06CV01806 (RWR) |
| ) | |
| CITIMORTGAGE, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS MOTION TO DISMISS THE AMENDED
COMPLAINT AND MEMORANDUM IN SUPPORT**

Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants CitiMortgage, Inc. ("CitiMortgage") and Larry Osborne ("Osborne"), by their undersigned counsel, file this Motion to Dismiss the Amended Complaint filed by Plaintiff Scott D. Pluta ("Pluta"). As grounds for their motion, Defendants adopt the points and authorities set forth in detail in Defendant CitiMortgage, Inc.'s Memorandum of Points and Authorities filed in support of its January 9, 2007 Motion to Dismiss ("Dismiss Mem."), which is incorporated herein by reference. Additional arguments addressing specific changes in the allegations of the initial Complaint are noted specifically below.

Counts I-VIII of the Amended Complaint should be dismissed for the following reasons:

1. Fraud (Count I):   Plaintiff's fraud claim fails because Plaintiff does not plead fraud with particularity, actionable misrepresentations, or reasonable reliance on such representations. (Dismiss Mem., pp. 4 – 9).

Although Plaintiff has changed his allegation in the initial Complaint that "Osborne represented that CitiMortgage *could* finance the Condominium…" (Compl. ¶ 35)(emphasis added) to an allegation that "Osborne represented that CitiMortgage *would* finance the Condominium…" (Am. Compl. ¶ 36)(emphasis added), this change does not save Pluta's claim, which still erroneously relies on non-actionable statements of future intent. Additionally, Plaintiff still fails to plead facts sufficient to show that his reliance on Osborne's alleged statements was objectively reasonable in light of the clear disclaimers on the GFE and TILA disclosures, and Plaintiff's own admissions that he knew the loan still had to go through underwriting and was in processing. (*See, e.g.,* Am. Compl. ¶¶ 49, 53, 64.)

2. <u>Negligent Misrepresentation (Count II):</u>  Plaintiff's negligent misrepresentation claim (Count II) fails because Plaintiff does not plead negligent misrepresentation with sufficient particularity to state an actionable claim, Defendants do not owe a legally cognizable duty of care in tort to Plaintiff, and Plaintiff cannot show reasonable reliance on any alleged misstatements. (*See* Dismiss Mem., pp. 9 – 12).

3. <u>Promissory Estoppel (Count III):</u>  Plaintiff's Promissory Estoppel claim is new but also fails. Pursuant to District of Columbia law, "[t]o establish a promissory estoppel claim, the plaintiff [] must show (1) a promise; (2) that the promise reasonably induced reliance on it; and (3) that the promisee relied on the promise to his or her detriment." *Building Serv. Co. v. National R.R. Passenger Corp.*, 305 F. Supp. 2d 85, 95 (D.D.C. 2004)(citations omitted).

Plaintiff fails to state a claim for promissory estoppel because the Amended Complaint alleges that a written contract was signed after the alleged statements purportedly giving rise to promissory estoppel. (Am. Compl. ¶¶ 80-92). "[C]ourts have also held that an integrated written contract controls as against any and all prior inconsistent oral agreements or promises; such a

contract nullifies the effect that promissory estoppel might otherwise have." *International Bus. Mach. Corp. v. Medlantic Healthcare Group*, 708 F. Supp. 417, 424 (D.D.C. 1989).[1/]

Moreover, Pluta fails to allege reasonable reliance. One of the new "promises" Pluta alleges is that "Osborne promised Mr. Pluta that the final terms of Mr. Pluta's loans would be those embodied in the September 26 GFE" (Am. Compl. ¶ 130). As argued fully in Defendants' initial brief in support, even if such a "promise" was made – which Defendants deny – reliance thereon would not be reasonable given the plain terms of the September 26 GFE. (Dismiss Mem. pp. 7 – 8).

The second "promise" Pluta alleges is that "Osborne…stated that he would see to it that CitiMortgage revise Mr. Pluta's loans to match the terms of the September 26 loan." (Am. Compl. ¶ 88). Even if this precise statement was made – which Defendants deny – the alleged reliance was not reasonable as Pluta does not allege that Osborne represented he had sole authority to make such a change to the loan or even that Pluta believed Osborne had such authority.

4. <u>Negligent Hiring, Training, Supervision and Retention (Count IV)</u>: Plaintiff's negligent hiring, training, supervision and retention claim fails because Defendants do not owe a legally cognizable duty of care in tort to Plaintiff and Plaintiff does not allege that Defendant CitiMortgage was on notice of the alleged violations.[2/] (*See* Dismiss Mem., pp. 14 – 15; Reply Mem. In Supp. of Def. CitiMortgage's Mot. to Dismiss, pp. 16 – 17).

---

[1/] *See also Building Serv. Co.*, 305 F. Supp. 2d at 95 ("District of Columbia law presupposes that an express, enforceable contract is absent when the doctrine of promissory estoppel is applied.")

[2/] For the first time in the Amended Complaint, Plaintiff makes allegations concerning Mr. Osborne's supervisor, Tony Cato. There are, however, no allegations that Mr. Cato had any involvement with Plaintiff's loan or that the rumored conduct by Mr. Cato had any connection with the training given to Defendant Osborne.

5. Professional Malpractice (Count V): Plaintiff's professional malpractice claim (Count V) fails because Defendants do not owe a legally cognizable duty of care in tort to Plaintiff. "[A] professional malpractice claim depends upon the existence of a duty." *Taylor v. Akin, Gump, Strauss, Hauer & Feld*, 859 A.2d 142, 147 (D.C. 2004). (*See* Dismiss Mem., p. 15).

6. Negligence (Count VI): Plaintiff's negligence claim fails because Defendants do not owe a legally cognizable duty of care in tort to Plaintiff. (*See* Dismiss Mem., p. 16).

7. Conversion (Count VII): Plaintiff's conversion claim fails because Defendant CitiMortgage's control over Plaintiff's money is not unlawful. (*See* Dismiss Mem., pp. 16 – 17).

8. District of Columbia Consumer Protection Act (Count VIII): Plaintiff fails to state a claim under the Consumer Protection Act provisions. (*See* Dismiss Mem., pp. 17 – 24).

For all of the foregoing reasons, set forth more fully in the Memorandum of Points and Authorities filed by CitiMortgage in support of its Motion to Dismiss the initial Complaint, Defendants' Motion to Dismiss should be granted and Counts I–VIII should be dismissed.

Respectfully submitted,

\_\_\_\_/s/_____
Alec W. Farr (D.C. Bar No. 440046)
Kristin A. Hird (D.C. Bar No. 497800)
BRYAN CAVE LLP
700 Thirteenth Street, NW, Suite 700
Washington, DC 20005
Tel:  (202) 508-6000
Fax:  (202) 508-6200

Dated:  April 30, 2007

*Counsel for Defendants CitiMortgage, Inc. and Larry Osborne*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via electronic mail and Federal Express this 30th day of April, 2007, to:

Thomas C. Willcox
1020 19th Street, N.W.
Suite 400
Washington DC 20036
PLAINTIFF'S COUNSEL

_____
Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT D. PLUTA </br></br> Plaintiff, </br></br> vs. </br></br> CITIMORTGAGE, INC., *et al.,* </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No. 1:06CV01806 (RWR) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## ORDER

This matter comes before the Court on the joint motion of Defendants CitiMortgage, Inc. ("CitiMortgage") and Larry Osborne ("Osborne") to dismiss eight of eleven counts in the Complaint filed by Plaintiff Scott D. Pluta ("Pluta") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the memorandum filed in support of said motion, and of the papers filed in opposition thereto, and for good cause shown, the Court finds:

    1.   Plaintiff's fraud claim (Count I) fails because Plaintiff does not plead fraud with particularity, actionable misrepresentations or reasonable reliance on such representations.

    2.   Plaintiff's negligent misrepresentation claim (Count II) fails because Plaintiff does not plead negligent misrepresentation with sufficient particularity and state an actionable claim, Defendants do not owe a legally cognizable duty of care in tort to Plaintiff, and Plaintiff cannot show reasonable reliance on alleged misstatements.

2

  3. Plaintiff's Promissory Estoppel claim (Count III) fails because a contract exists between the parties and Plaintiff cannot show reasonable reliance on the alleged statements.

  4. Plaintiff's negligent hiring, training, supervision and retention claim (Count IV) fails because Defendants do not owe a legally cognizable duty of care in tort to Plaintiff and Plaintiff does not allege that Defendant CitiMortgage was on notice of the alleged violations.

  5. Plaintiff's professional malpractice claim (Count V) fails because Defendants do not owe a legally cognizable duty of care in tort to Plaintiff.

  6. Plaintiff's negligence claim (Count VI) fails because Defendants do not owe a legally cognizable duty of care in tort to Plaintiff.

  7. Plaintiff's conversion claim (Count VII) fails because CitiMortgage's control over Plaintiff's money is not unlawful.

  8. Plaintiff's District of Columbia Consumer Protection Act claims (Count VIII) fail because Plaintiff's allegations do not state a claim under the Consumer Protection Act provisions.

It is therefore **ORDERED** that Defendants' Motion to Dismiss the Complaint is hereby **GRANTED** with respect to Plaintiff's claims identified herein.

_____         _____
Date                   The Honorable Richard W. Roberts
                      District Court Judge