## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SCOTT D. PLUTA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  1:06CV01806 (RWR) |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT MOTION FOR PROTECTIVE ORDER
## AND MEMORANDUM IN SUPPORT

Pursuant to Fed. R. of Civ. P. 26(c) and Local Rule 7(m), the parties jointly move this Court to issue the attached Stipulated Protective Order.

This case involves a consumer lending transaction. Numerous documents contain private personal information on both the Plaintiff and Defendants, such as social security numbers, employment documents, personal financial data, and confidential commercial information. Consequently, the parties have conferred and agreed to the attached Stipulated Protective Order for the production of documents.

WHEREFORE, the parties hereby pray the Court to enter the attached Stipulated Protective Order in this matter.

Respectfully submitted,

BRYAN CAVE LLP


By: _/s/_____
Alec W. Farr (D.C. Bar No. 440046)
Kristin A. Hird (DC Bar No. 497800)
700 Thirteenth Street, N.W., Suite 700
Washington, D.C. 20005-3960
P:  (202) 508-6000
F:  (202) 508-6200

*Counsel for Defendant CitiMortgage, Inc.*



Respectfully submitted,


By: /s/*Thomas C. Willcox*
Thomas C. Willcox, Esq.
D.C. Bar No. 445135
1020 19th Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 223-0090
Facsimile: (202) 452-0092
E-mail: tcw19@columbia.edu

Dated: May 18, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT D. PLUTA,<br><br>        Plaintiff,<br><br>    v.<br><br>CITIMORTGAGE, INC., *et al.,*<br><br>        Defendants. | )<br>)<br>)<br>)    Case No.  1:06CV01806 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

This matter comes before the Court on the parties Joint Motion for Stipulated Protective Order.  Having examined the Motion and finding good cause shown, it is hereby ordered that the Stipulated Protective Order be entered.


        IT IS SO ORDERED.


_____                    _____
Date                                                   The Honorable Richard W. Roberts
                                                          District Court Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SCOTT D. PLUTA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 1:06CV01806 (RWR)** |
| | ) | |
| CITIMORTGAGE, INC., *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26 (c) and with the consent of the parties, the Court enters this Order which shall govern the disclosure and handling of information, documents, and tangible items that constitute trade secrets or other confidential research, development, commercial or personal information that is produced or disclosed by a party in this case in response to discovery taken pursuant to the Federal Rules of Civil Procedure.

1.      Any Confidential Information produced or disclosed by the parties in this litigation shall be used by the parties solely in connection with and for purposes of this litigation, and not for any business, competitive, or other purpose or function, and such Confidential Information shall not be disclosed to anyone except as provided herein. Parties may object to a party's designation of material or information as confidential and, if objection to a designation occurs, the burden is upon the party seeking confidential treatment to justify such protection under Fed. R. Civ. P. 26.

2.      Counsel for a party furnishing documents or information may designate material as "CONFIDENTIAL." Except by the prior written consent of the designating person or order of the Court, and subject to the provisions of Paragraph 1 above and Paragraph 5 below, material designated as "CONFIDENTIAL" may not be disclosed to any person other than:

(a)     counsel for the respective parties to this litigation, as well as paralegal, clerical, and office personnel employed or retained by the foregoing;

(b)    to the extent that counsel in good faith deems it necessary or desirable for the prosecution or defense of this litigation, parties or their personnel, witnesses, consultants, or experts retained by the parties;

(c)    to reporters retained to transcribe depositions or any other proceedings in this action during which material designated as "CONFIDENTIAL" is disclosed; and

(d)    to the Court and Court personnel provided that any non-trial submission be made under seal or with other appropriate confidentiality protection.

Such documents and information shall be used by the other parties or persons receiving them solely for the purpose of preparing for, conducting, or participating in this action.

3.    All persons to whom material designated as "CONFIDENTIAL" is disclosed or by whom it is used shall be subject to this Protective Order and shall take all precautions necessary to prevent any disclosure or use other than as authorized by this Protective Order. Counsel shall take all steps reasonably necessary to advise any person to whom Confidential Information may be disclosed, or by whom it may be used, of the terms of this Protective Order prior to disclosing Confidential Information to them. Such disclosure to experts retained to assist counsel for the parties shall not be made without first securing execution by such person of a written Non-Disclosure Agreement in the form of Exhibit "A" to this Order.

4.    Counsel for a party furnishing documents or information may designate material as "ATTORNEYS' EYES ONLY." Except by the prior written consent of the designating person or order of the Court, and subject to the provisions of Paragraph 1 above and Paragraph 5 below, material designated as "ATTORNEYS' EYES ONLY" may not be disclosed to any person other than counsel formally retained by Plaintiff Scott D. Pluta or Defendants CitiMortgage and Larry Osborne. This designation excludes Plaintiff Scott D. Pluta and Defendants CitiMortgage and Larry Osborne.

5.    Entering into, agreeing to and/or complying with the terms of this Protective Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect trade secrets, proprietary or commercial information or other confidential matter; or (b) prejudice in any way the right of a party (i) to seek a determination by the Court of whether any particular document or material should be produced or, if produced, whether it should be subject to the terms of this Protective Order, (ii) to interpose an objection to a request for discovery on any ground, or (iii) to seek relief on notice from any provision(s) of this Protective Order, either generally or as to any particular document, material or information.

2

6.  Any Confidential Information which is filed with the Court or is included in a brief filed with the Court shall be accompanied by an appropriate motion seeking leave of the court to seal the Confidential Information, and such motion shall set forth the proposed reasons supported by specific factual representations to justify the sealing, and an explanation why alternatives to sealing would not provide sufficient protection.  Pending the Court's ruling on the motion to seal, the information or materials will remain sealed.  If the Court denies the motion to seal, the moving party may withdraw the materials from the record.

(a)  The Confidential Information shall be delivered to the Court in a sealed envelope.  Envelopes used to seal such Confidential Information shall carry the notation substantially as follows:

THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT
AND IS FILED UNDER SEAL.

(b)  If the Court grants the Motion to Seal, the Clerk of the Court shall make such marked Confidential Information available only to the Court and Counsel of Record for the parties in this proceeding, unless release is ordered by this Court.

7.  Deposition transcripts containing Confidential Information shall be stamped in the same manner as documents containing Confidential Information. Where its Confidential Information is required to be produced or disclosed during or in connection with a deposition in this action, a party may designate all or portions of such deposition testimony as "CONFIDENTIAL" during the course of the deposition or within five (5) business days after receipt of the deposition transcript.  From the beginning of the deposition to the expiration of the five (5) business day period, all deposition transcripts and all statements contained therein shall be deemed to be "Confidential" in their entirety.

8.  Whenever any Confidential Information from a party is to be introduced at any pre-trial court proceeding, the party seeking to use such information of the opposing party shall give advance notice of its intention and shall identify the Confidential Information to be used.  The parties shall cooperate to ensure that such portions of any "out-of-court" pre-trial proceedings which concern the Confidential Information shall be conducted so that only those persons authorized to have access to Confidential Information are present.  The parties shall cooperate to minimize the need for the disclosure of Confidential Information in any 'in court" pretrial proceeding. Should a good faith need arise during a pre-trial court proceeding to use Confidential Information that had not previously been disclosed, the party shall advise the other party of that fact prior to disclosing the existence or substance of the Confidential Information.

9.  At the conclusion of the litigation, the Clerk of the Court is authorized to return to counsel or destroy any sealed material.  Upon termination of this action, any party that has received confidential material shall return all such confidential

material, and all copies thereof, to the producing party.  In lieu of return of such material and copies, counsel for the producing party may agree to accept a certification that all such material and copies have been destroyed.

          10.    Nothing in this Order shall be construed to limit any party's right to seek additional protections deemed necessary for particular Confidential Information or to seek the Court's permission to disclose Confidential Information to additional persons or otherwise modify this Order. The parties agree that they will tender this Protective Order to the Court to be "So ordered" and that, prior to approval by the Court, this Protective Order shall be effective and binding on the parties as if approved.

So Approved and Ordered,

this _____ day of _____, 2007

_____

United States District Judge

Form of order agreed upon:

| | |
|---|---|
| \_/s/_____ | \_/s/_____ |
| Thomas C. Willcox | Alec W. Farr |
| 1020 19th Street, N.W. | Kristin A. Hird |
| Washington, D.C. | Bryan Cave LLP |
| (202) 233-0900 (voice) | 700 Thirteenth St., N.W. |
| (202) 452-0092 (fax) | Washington, D.C. 20005 |
| | (202) 508-6000 (voice) |
| | (202-508-6200 (fax) |
| | |
| Attorney for Plaintiff | Attorneys for Defendants |
| | |
| Dated: May 18, 2007 | Dated: May 18, 2007 |

4

EXHIBIT "A"

NON-DISCLOSURE AGREEMENT

I, _____ (Print Name), do solemnly

state that I am fully familiar with the terms of the Protective Order agreed to by the

parties in Pluta v. CitiMortgage et al, Case No. 1:06CV01806 (RWR) and hereby agree

to comply with and be bound by the terms and conditions of said Order unless and until

modified by further Order of the Court. I acknowledge that I am about to receive

confidential information and/or documents which were obtained and/or generated

relating to the Pluta case , which documents which have been designated as

"Confidential" in said action, and certify my understanding that this information and/or

documents are being provided to me pursuant to the terms and restrictions of the

Protective Order, and that such information can only be used by me for purposes

permitted by the terms and conditions of the Protective Order. I understand that such

information and any copies I make of the subject information and/or documents or any

notes or other records that may be made regarding any such information and/or

documents, shall not be disclosed to others, except other qualified persons as defined in

the Protective Order.

Printed Name: _____

Date: _____

Current Address: _____

_____

Telephone Number: _____

Employer: _____

Occupation: _____