UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT D. PLUTA ) | |
| ) | |
| ) | Case No. 1:06CV01806 (RWR- DAR) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITIMORTGAGE, INC., *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT CITIMORTGAGE'S MOTION TO DISMISS
<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

Pursuant to Local Rule LCvR 7(b), Plaintiff Scott D. Pluta ("Pluta"), by the undersigned counsel, submits this Memorandum of Points and Authorities in Opposition to Defendant CitiMortgage's Motion to Dismiss Counts I-VIII of the Amended Complaint.  As grounds for the opposition, Plaintiff adopts the points and authorities set forth in detail in Plaintiff's Memorandum of Points and Authorities filed in support of its January 22 2007 Memorandum Of Points And Authorities In Opposition To Defendant Citimortgage's Motion To Dismiss Plaintiff Scott D. Pluta's Complaint.

Additional arguments addressing specific changes in the allegations of the initial Complaint are noted specifically below:

Counts I-VIII

**One**  Fraud (Count I).  Plaintiff's fraud claim is actionable because Plaintiff has plead with particularly that Defendant Osborne made specific representations with respect to the status of the Sept 26 Loan on which Mr. Pluta reasonably relied in committing himself to the purchase of the Property,  which representations Mr. Osborne has admitted were false and which damaged Mr. Pluta when he was forced to purchase the Property on different terms, or face the loss of his earnest money.  See, Amended Complaint ("AC") at paras 106-107, Opp Mot at pp. 6-14.

In addition, whether Mr. Pluta describes Mr. Osborne's representations as either that CitiMortgage "could" or "would" finance the Condominium, Mr. Osborne's representations were those of existing fact, and therefore actionable as fraud.

In addition, to whatever extent the loan had to go through "processing", Mr. Osborne's own emails, see paras 57-63, 65-69 of AC, demonstrate that Mr. Osborne knew the representations he made were false.

**Two**.  Negligent Misrepresentation.

- 1 -

For essentially the same reasons as set forth above with respect to fraud, Plaintiff has plead negligent misrepresentation with sufficient particularity, and defendants have a legally cognizable duty in tort based on the relationship between the parties. See Opp at 15-21.

**Three. Promissory Estoppel**

Defendants claim that Mr. Pluta's subsequent signing of the closing documents bars any promissory estoppel claim, citing *International Mach Corp v. MidAtlantic Healthcare Group*, 708 F. Supp. 417 (D.D.C. 1989) ('IBM"). However, there were no allegations of fraud in the IBM case. DC courts have looked beyond the language of a contract where there is "fraud, duress or mutual mistake." *Kyriakopoulos v. George Washington Univ.*, 275 U.S. App. D.C. 237, 866 F.2d 438, 444 n.1 (D.C. Cir. 1989) (quoting *Howard Univ. v. Best*, 484 A.2d 958, 967 (D.C. 1984) (internal citations omitted)). If Mr. Pluta can prove any such exception, he may invoke the doctrine of promissory estoppel.

Further, while the Defendants claim Mr. Pluta fails to allege reasonable reliance, he in fact did so, see para 134 "Mr. Pluta reasonably relied on Osborne's promises".

**Four. Negligent Hiring, Training Supervision and Retention (Count IV).**

Count IV of Plaintiff's Amended Complaint is viable for the reasons set forth in pages 21-23 of Plaintiff's January 22, 2007 Opposition; Plaintiff sufficiently alleges a duty, breach and resulting damages.

**Five   Professional Malpractice (Count V)**

Count V of Plaintiff's Amended Complaint is viable for the reasons set forth in pages 23-25 of Plaintiff's Opposition.

**Six.  Negligence  (Count VI)**

2

Count VI of Plaintiff's Amended Complaint is viable for the reasons set forth in pages 25 of Plaintiff's Opposition.

**Seven.  Conversion (Count VII)**

Count VII of Plaintiff's Amended Complaint is viable for the reasons set forth in pages 25-28 of Plaintiff's Opposition.

**Eight  District of Columbia Consumer Protection Act (Count VIII).**

Plaintiff's claim under the DCCPPA is viable for the reasons set forth on pages 29-37 of Plaintiff's Opposition.

For all of the foregoing reasons, set forth more fully in the Memorandum of Points and Authorities filed on January 22nd 2007 by Plaintiff as an Opposition to the Motion to Dismiss the initial Complaint, this court should not dismiss the Amended Complaint.

DEMAND FOR A HEARING ON DEFENDANT CITIMORTGAGE'S MOTION TO DISMISS

DATE: Monday, May 21, 2007

Respectfully submitted,

By:*/s/ Thomas C. Willcox*
Thomas. C. Willcox, Esquire
1020  19th  Street, N.W, Suite  400
Washington, D.C. 20036
(202) 223-0080
Bar No. 445135

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed via PACER

Today

Monday, May 21, 2007

*/s/ Thomas C. Willcox*
Thomas C. Willcox
