IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT D. PLUTA<br><br>    Plaintiff,<br><br>    vs.<br><br>CITIMORTGAGE, INC., *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 1:06CV01806 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Alec W. Farr (D.C. Bar No. 440046)
Kristin A. Hird (D.C. Bar No. 497800)
BRYAN CAVE LLP
700 Thirteenth Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-6000
Fax: (202) 508-6200

Counsel for Defendant CitiMortgage, Inc.

Dated: May 29, 2007

Pursuant to Local Rule LCvR 7(d), Defendants CitiMortgage, Inc. and Larry Osborne ("Defendants") by their undersigned counsel, submit this Reply Memorandum of Points and Authorities in Support of their Motion to Dismiss Counts I – VIII of Plaintiff's Amended Complaint.

Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Complaint rehashes his legal conclusions and unsupported factual inferences.[1] Neither are sufficient to defeat a motion to dismiss.

1. <u>Fraud (Count I)</u>: In Plaintiff's fraud count (count I), his change of terms from "could" to "would" cannot avoid the fact that Mr. Osborne's alleged representation, even if true, is a future promise. *See Reply Mem. of Points and Authorities in Support of Defendant CitiMortgage's Motion to Dismiss*, at 6-7. Likewise, although Plaintiff claims that Mr. Osborne "knew the representations [regarding processing] he made were false," the Amended Complaint at the cited paragraphs 57- 63 and 65 – 69 alleges no such knowledge of falsity. The cited emails show Mr. Osborne working with the CitiMortgage underwriters to secure financing for Plaintiff. It is only Plaintiff's unsupported factual allegation that Mr. Osborne "knew" that any representations about processing were "false." For these reasons and those stated in Defendants' earlier Motion to Dismiss the Complaint and Motion to Dismiss the Amended Complaint, Plaintiff's fraud (count I) claim must fail.

---

[1] As this Court is certainly aware, the Court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 336 (D.D.C. 1999) ("the court need not accept as true the plaintiffs' legal conclusions"). Indeed, "the Court must not accept inferences drawn by the plaintiff if they are unsupported by the facts, nor must the Court accept purely legal conclusions masked as factual allegations." *W.C. & A.N. Miller Cos. v. United States.*, 963 F. Supp. 1231, 1235 (D.D.C. 1997) (citing *Maljack Productions,Inc. v. Motion Picture Ass'n of Am.*,, 52 F.3d 373, 375 (D.C. Cir. 1995); *Sheridan-Wyoming Coal Co. v. Krug*, 168 F.2d 557, 559 (D.C. Cir. 1948).

2. <u>Negligent Misrepresentation (Count II)</u>: Similarly, the fact that Plaintiff included in his Amended Complaint the legal conclusion that he "reasonably relied on Osborne's promises" (Amended Compl. ¶ 134) does not establish that Plaintiff's reliance on Plaintiff's so-called "Sept. 26 Loan" – which in actuality was a Good Faith Estimate and Truth in Lending Disclosure with clear disclaimers – was objectively reasonable. Rather, Plaintiff's counts requiring reasonable reliance, fraud (count I), negligent misrepresentation (count II), and promissory estoppel (count III), fail.

3. <u>Promissory Estoppel (Count III)</u>: Plaintiff claims that "if Mr. Pluta can prove" fraud, duress or mutual mistake, then he may invoke the doctrine of promissory estoppel, notwithstanding the express written agreement signed between the parties after the alleged promises were made. Plaintiff cites as support *Kyriakopoulos v. George Washington University*, 866 F.2d 438, 444 n.1 (D.C. Cir. 1989), a case that does not involve promissory estoppel and cites the unremarkable proposition that the written terms of an agreement govern the rights and liabilities of a party unless "the written language is not susceptible of a clear and definite undertaking, or unless there is fraud, duress or mutual mistake." In this case, however, Plaintiff specifically alleges that he was aware of the actual terms of the contract at the time he signed. See Amended Compl. ¶¶ 82, 86, 87, 92. Thus, in addition to Plaintiff's inability to show reasonable reliance, Plaintiff's promissory estoppel claim fails as a matter of law due to the presence of the signed, written contract.

4. <u>Negligent Hiring, Training, Supervision and Retention (Count IV), Professional Malpractice (Count V), Negligence (Count VI), Conversion (Count VII), and District of Columbia Consumer Protection Act (Count VIII) claims:</u> Plaintiff's Opposition Brief references his prior January 22, 2007 Opposition and sets forth no new arguments for these claims.

Consequently, for the reasons set forth in Defendants' Motion to Dismiss the Complaint, Reply Brief in Support of Defendants' Motion to Dismiss the Complaint, and Defendants' Motion to Dismiss the Amended Complaint, these claims must be dismissed.

For all of the foregoing reasons, Defendants' Motion to Dismiss the Amended Complaint should be granted and Counts I–VIII should be dismissed.

Respectfully submitted,

____/s/_____
Alec W. Farr (D.C. Bar No. 440046)
Kristin A. Hird (D.C. Bar No. 497800)
BRYAN CAVE LLP
700 Thirteenth Street, NW, Suite 700
Washington, DC 20005
Tel: (202) 508-6000
Fax: (202) 508-6200

Dated: May 29, 2007

*Counsel for Defendants CitiMortgage, Inc. and Larry Osborne*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via electronic mail and Pacer this 29th day of May 2007, to:

Thomas C. Willcox
1020 19th Street, N.W.
Suite 400
Washington DC 20036
tcw963@consumerandantitrustlaw.com
PLAINTIFF'S COUNSEL

_____
Counsel for Defendants